## ROBERT LUTHER *vs.* CITY OF WORCESTER.

Ice or snow suffered to remain upon a sidewalk in such an uneven and rounded form that a person cannot walk over it, using due care, without danger of falling down, may be found by the jury, in an action against the town or city, to be a defect for which the defendants are liable under Gen. Sts. *c.* 44, § 22.

TORT for an injury sustained by a fall on a sidewalk in Main Street in Worcester, the declaration alleging that it was a highway which it was the duty of the defendants to keep in repair, but which they negligently suffered to be out of repair, defective, dangerous and slippery from ice. The defendants denied that they were negligent, or that they were liable for any injury resulting from a highway being slippery from ice.

The case came before this court on a report by which it appeared that at the trial in the superior court, before *Ames,* J., the plaintiff testified that on the morning of Monday, December 12, 1864, he passed over the sidewalk in question, it being on his usual way to his place of business, and found along his route snow between eight and nine inches deep, which in some places people were clearing away; that he went home at noon to dinner, by what route he did not recollect; but on going back to work after dinner he passed along Main Street, and people were then engaged in shoveling sidewalks; that about half past five o'clock in the afternoon, it being dusky at that hour, he started to go home from his place of business, by the way of Main Street again; that he passed a building called Bangs' Block, the sidewalk in front of which was cleared, and then came to a building called Williams' Building, on the sidewalk in front of which "the snow was trodden down so as to make an oval surface, four inches thick or more, damp snow, trodden down and frozen;" that he was walking "carefully and as usual," and "supposing everything to be safe and the snow cleared from the sidewalks," and had just passed the front door of Williams' Building when he slipped and fell about in the middle of the sidewalk (which it was agreed was from twelve to fifteen feet wide), and was severely injured.

On cross-examination the plaintiff described the condition of the sidewalk where he fell, as follows : " I should say the sidewalk was in bad condition. Snow was trodden down with an oval surface partially swept off towards the edge, and wholly brushed off next the building ; piled against the trees and posts. I saw a man sweeping it when I passed in the afternoon. It was partially brushed off, about half way to the curb-stone. As to the oval surface, I mean it was snow trodden down in a moist condition, and so frozen. The oval surface was there at noon with light snow on each side. There was no ice other than frozen snow so far as I saw. It was partially cleaned off, between the building and the hard place, and between the hard place and the curb-stone."

Silas J. Bramhall, a witness called by the plaintiff, testified " that the sidewalk was bad, and had not been shovelled off; that there was quite a ridge in the middle of the sidewalk, some fifteen or twenty feet long, and clear on each side ; had been so for some days ; ice and water and snow, like, along the sidewalk."

It was not contended by the plaintiff that the sidewalk was improperly constructed or was in bad condition in any way except as described in the testimony ; and it was agreed that Main Street is one of the principal streets in the city, in which there is great and constant business and travel.

By agreement of the parties a copy of a meteorological record, kept at the Worcester Insane Asylum, was introduced in evidence, showing that on Saturday, December 10, it snowed all day, and eight and one half inches of snow fell ; that on Sunday it snowed slightly in the morning and rained a little in the afternoon ; and that, on Monday, the day of the accident, it was clear, and the temperature ranged, by the thermometer, from nine to eighteen degrees below the freezing point.

The judge ruled, *pro forma*, that this evidence, with all legitimate inferences to be drawn from it, was insufficient to maintain the plaintiff's case, and that on the facts proved the defendants were not liable ; and, under that ruling, a verdict was had for the defendants, and the case was reported for revision by this court.

*G. F. Hoar*, for the plaintiff. This case does not come within the principle of *Stanton* v. *Springfield*, 12 Allen, 566. Here the ridge of ice acquired its shape and dangerous character by artificial means, being trodden down by travel and the snow being swept from its sides. It therefore comes within the scope of such cases as *Providence* v. *Clapp*, 17 How. 164 ; ·*Hall* v. *Lowell*, 10 Cush. 260; *Payne* v. *Lowell*, 10 Allen, 147 ; *Shea* v. *Lowell*, 8 Allen, 136.

The question whether the sidewalk of a crowded city street obstructed by a ridge of frozen snow or ice of the size and shape described is ordinarily safe, is a question of fact. This is not a case where the inference from the facts is for the court. That inference is itself an inference of fact, and is for the jury.

*W. W. Rice*, for the defendants. The plaintiff was not in exercise of due care. He had passed the place where he fell twice before during the day, and at noon had observed the ridge. At night, assuming everything to be clear, he walked over it " as usual," and fell. If it was dangerous he knew it, and might have avoided it by passing nearer the building. *Wilson* v. *Charlestown*, 8 Allen, 137.

Such a mass of snow as was described did not constitute an obstruction ; the sidewalk was properly constructed ; the snow was slippery by operation of natural causes ; and such an accumulation or unevenness was not unusual. If it had been composed of a substance not slippery, or if it had been covered with sand or ashes, travellers would probably never have observed it. The case comes within the principle of *Stanton* v. *Springfield*, 12 Allen, 566. · In *Hutchins* v. *Boston* and *Johnson* v. *Lowell*, 12 Allen, 571–573, it does not appear that the sidewalks were properly constructed, or that there was not such shape and size to the masses of ice as to constitute obstructions.

BIGELOW, C. J. The ruling of the court in this case seems to have been founded on a misapprehension of the recent decisions of this court in *Stanton* v. *Springfield*, 12 Allen, 566, and the other cases reported therewith in the notes. The point of those decisions was this, that a way properly constructed and kept in

such condition as to be reasonably safe and convenient for travel at all seasons of the year, would not become defective and out of repair by reason of the fact that it was covered with a smooth and even surface of ice which rendered it slippery and so exposed persons passing over it to fall down and to danger of injury.   An examination of the cases referred to will show that it was not intended to restrict the liability of cities and towns so as to exclude cases of injury happening by reason of the accumulation of ice or snow in the streets or ways in ridges or drifts, or in consequence of snow or ice being permitted to remain in a rough and uneven condition; but that the language of the court is carefully guarded and limited so that it is only held that a defect in a way does not exist where nothing is shown but the existence of ice which is not otherwise dangerous or unsafe, except that it presents a smooth and polished surface over which it is difficult to pass without being exposed to the risk of a fall.   In a climate like ours, it would be impossible to prevent the existence of ice in the highways, or to avoid the consequences of its being in its natural condition when formed on smooth and level surfaces.   It cannot be supposed that the legislature, in making towns liable for damages caused by defects in highways, intended to establish a rule or standard of diligence to which it would be impracticable to conform by the use of the utmost vigilance and care.   It would seem to be a sufficiently strict interpretation of the statute to hold that under its provisions a city or town would be liable if it neglected or omitted to take due precautions against accidents arising from the accumulations in the highways of ice or snow in drifts or ridges, or from its being in such condition from unevenness or roughness or other causes as, combined with its slippery nature, would render it unsafe and dangerous to passengers.

On an examination of the evidence offered at the trial, it appears to us that it tended to prove that the street at the place where the plaintiff was injured was defective, not merely from the existence of a smooth and even surface of ice on the sidewalk which was slippery, but also from ice which had been suffered to remain there after being trodden down into a narrow

ridge, presenting an oval surface, raised above the other parts of the brick way. This ridge seems to have been four inches in height at the centre and to have slanted rapidly towards the surface of the bricks from which the snow had been removed before any ice had formed. If such was substantially the condition of the way, it was certainly shown to be unsafe and dangerous, not solely because it was slippery from ice, but because it had become rough and uneven from artificial causes to such an extent as, in connection with its slippery surface, to create a defect in the way within the fair intent and meaning of the statute.                              *New trial granted.**

---

* A similar decision was rendered in the following case from Suffolk which was argued at Boston in November 1867 :