## COOK vs. THE CITY OF MILWAUKEE.

*Liability of city for condition of highways therein.*

1. If ice or snow is suffered to remain upon a sidewalk in such an uneven or rounded form that one cannot walk over it, using due care, without danger of falling, the city or town will be liable to a person injured thereby.

2. Otherwise, where the injury resulted from the mere slipperiness of the sidewalk, arising from the smooth surface of ice or snow accumulated upon it.

3. If a gutter is left so obstructed as not to carry off water flowing there from *natural causes*, and ice is consequently formed on the sidewalk, perhaps the city will be liable for injuries resulting therefrom; but if the gutter is merely insufficient to carry off water suddenly accumulated by artificial means, through the wrongful acts of third parties, the city is not liable, unless guilty of some subsequent default in not repairing walks thus rendered dangerous.

APPEAL from the Circuit Court for *Milwaukee* County.

On the 28th of March, 1867, while walking on the crosswalk over Mason street, in the defendant city, along the western side of Water street, plaintiff slipped and fell, receiving personal injuries. This action was brought to recover for these injuries, on the ground that

the accident was caused by the unsafe condition in which said cross-walk was permitted to be and remain through defendant's negligence. The complaint alleges that "during said last-mentioned day, all that part of the gutters of Mason street, where the same cross Water street, were by defendant caused to be kept covered with plank, so as to have the upper surface thereof level with Water street;" that, at the end of the cross-walks along Water and over Mason street, the gutters were covered by flat stones, the one at the south end of the west cross-walk being about 7 and 8-12 by 6 and 8-12 feet, and the south end thereof, joining the south sidewalk on Mason street, being about eight inches higher than the north end. It is then alleged that, by reason of the premises, it was defendant's duty to cause said gutters along Mason street "to be kept clear from all obstructions to the free passage of the surplus water flowing from said street and the sidewalks thereof, and also to cause sidewalks there to be kept" in a safe condition for persons walking thereon ; but that "a large quantity of the snow which fell during a part of the night of the 26th, and before eight and a half o'clock in the morning of the 27th day of March aforesaid, on the said stone at said south end of said westerly cross-walk, was wrongfully suffered by defendant to be trodden and beaten down hard, there on said stone, by pedestrians going on and over the same before the flowing of water thereon, as hereinafter specified ; and also, through defendant's negligence, said gutter on the south side of Mason street," at the eastern end of the part covered with planks and stone as aforesaid, "before said 27th day of March, became, and during said day was, so filled and obstructed with divers substances as to force the water descending through it from the east of said obstruction, on the afternoon of said 27th day of March, out of said gutter, and across said Water street, and on to said snow, then and there trodden and beaten down as aforesaid, which water otherwise would have freely passed

through said gutter, under said covering; and the water then so forced from said gutter was, through the default of said defendant, before then pumped and forced from the Milwaukee river into and upon said Mason street, and the south sidewalk thereof east of said obstruction, by the wrongful use of one of defendant's steam fire-engines and appurtenances, then employed by a part of its fire department in pumping said water; of which several premises aforesaid said defendant, before said pumping of said water, had notice, and that a great part of the water which so flowed on said snow, and was so beaten and trodden thereon, as aforesaid, became congealed and frozen therewith, and did form a solid mass of ice on and over the entire surface of said stone at said south end of said westerly cross-walk. By reason of which several premises, the passage for pedestrians along said westerly cross-walk had, before the occurrence of said injuries, become, and then was, so unsafe that, while plaintiff was carefully walking and passing along on said cross-walk, he was, without any neglect or default on his part, by reason thereof, caused to slip," etc., etc.

The defendant demurred for insufficiency of facts, and for misjoinder of causes of action; and, from an order overruling the demurrer, it appealed.

*D. G. Hooker*, for appellant, contended that there was no statute creating such a liability on the part of the city as was here sought to be enforced; that the word *town*, in section 120, chapter 19, R. S., cannot be construed to mean city (*State ex rel. Sherman v. Milwaukee*, 20 Wis. 87); that no statute makes it the *duty* of the corporation, or *empowers* it, to keep the streets in repair, or in a cleanly condition, or provides it with means to defray the expense of doing so. 2. The duty of repairing the streets is imposed directly upon the street commissioners of the several wards. They are empowered, independently of the corporation, to contract and pay for the work; and the corporation has no

control over them. Pr. & L. Laws of 1866, p. 607 ; *Hickok v. Plattsburgh*, 15 Barb. 427 ; *Conrad v. Trustees of Ithaca*, 16 N. Y., note on p. 161 ; *Martin v. Brooklyn*, 1 Hill, 545. These commissioners are not city, but ward, officers. Charter (ch. 56, Pr. & L. Laws, 1852), ch. 7, §§ 1, 3, 4, 5 ; Pr. & L. Laws of 1858, ch. 117, § 1 ; Pr. & L. Laws of 1859, ch. 172, § 4. 3. The complaint admits that the water came upon the street by an illegal use of one of the steam fire engines. The city is not liable for the illegal acts of its employees. Angell & Ames on Corp. 250, 330 ; *Boora v. City of Utica*, 2 Barb. 104. 4. The defect or obstruction had not been brought to defendant's knowledge, nor had it existed so long and so conspicuously that defendant must be presumed to have had notice of it. The complaint only charges notice of the condition of the street before the pumping of the water ; and the water is alleged to have been pumped upon the street in the afternoon of the day preceding the injury. *Dewey v. Detroit*, 15 Mich. 307 ; *Hart v. Brooklyn*, 36 Barb. 226.

*Jenkins & Elliott*, for respondent, to the point that the city was liable for the proper condition of its streets, cited *Conrad v. Ithaca*, 16 N. Y. 158 ; *Hutson v. Mayor*, 9 id. 163 ; *Barton v. Syracuse*, 36 id. 54 ; *Davenport v. Ruckman*, 37 id. 568 ; *Kelley v. Milwaukee*, 18 Wis. 83 ; Charter of Milwaukee, ch. 4, §§ 3, 4 ; ch. 7, §§ 3–5. The word *town*, in R. S. ch. 19, sec. 120, is to be construed as including cities. R. S. ch. 5, § 11, and ch. 19, § 126 ; *Clapp v. City of Providence*, 17 How. (U. S.) 161 ; *Crane v. Fond du Lac*, 16 Wis. 196. 2. The street commissioners are to be regarded as agents of the corporation. *Cumming v. The Mayor*, 11 Paige, 599 ; *Conrad v. Ithaca*, 16 N. Y. 158. 3. The complaint shows that the injury occurred, not only through the neglect, but in part through the unlawful conduct, of the agents of the corporation.

DIXON, C. J. The complaint does not charge that the snow which had fallen and was suffered to remain

and be trodden down by the foot passengers, constituted an obstruction, or was in a rough and uneven condition, so as to be unsafe or dangerous to persons walking on the side and cross-walk, and using due care. It does not charge that the walk was not properly and well constructed, or that there was any defect or insufficiency in the manner of placing the stone across or over the gutter. The only defect complained of in this particular is, that the walk over the stone was slippery because of the smooth surface of the snow and ice which had accumulated upon it. That such a condition of the walk, arising from such a cause, is not an insufficiency or want of repair which will make the city liable in damages under a statute like ours, was decided by the supreme court of Massachusetts in *Stanton v. Springfield* (12 Allen, 566), and in *Hutchins v. Boston* and *Johnson v. Lowell*, immediately following in the same report; and also in *Nason v. City of Boston*, 14 id. 508. Upon this point we are content to refer to those cases, being abundantly satisfied, for the reasons given in the opinion in the first case, that they hold the correct rule of law in relation to it.

If, however, ice or snow is suffered to remain upon a sidewalk in such an uneven and rounded form that a person cannot walk over it, using due care, without danger of falling down, that, it seems, does constitute a defect for which the city or town will be liable. *Luther v. Worcester*, 97 Mass. 268; *Hutchins v. Boston*, id. 272. See likewise *Hull v. Lowell*, 10 Cush. 260; *Shea v. Lowell*, 8 Allen, 136; *Payne v. Lowell*, 10 id. 147; *Providence v. Clapp*, 17 How. 164.

As to the other charge in the complaint, that the gutter was permitted to become and remain so filled and obstructed by divers substances that it could not, and did not, carry off the water which was pumped from the river upon the street above it, by the wrongful use of the steam fire engines, but that the same was thereby forced from the gutter, and caused to flow across the

street, and on to the snow which was beaten and trod-den down upon the stone, where, becoming congealed and frozen, it formed a solid mass of ice over the surface of the stone, we are of opinion that enough is not stated to show a cause of action upon this ground. It is not averred *when* the gutter became obstructed, or how long it had remained so. The nature of the obstruction is not set forth. It does not appear that the condition of the gutter was such from that cause, that it would not have discharged and carried off all the water flowing or accumulating there from natural causes. If it was in a condition to have done this, then, we think, the city ought not to be held responsible for the consequences of such an extraordinary occurrence as the wrongful pumping upon the street of a large quantity of water, or the wrongful accumulation of water there by other artificial means; unless it should appear that it was guilty of some subsequent negligence or default in not repairing the sidewalk which had thus become impassable or dangerous for travelers. To hold that the city, in order to obviate the liability imposed by the statute, is bound at all times to keep the gutters in such condition as that they will carry off water thus unlawfully thrown upon the streets, would, in our judgment, be requiring a degree of care and watchfulness altogether unreasonable, and not contemplated by the legislature. If liable at all by reason of such unusual and unlawful acts, it can only be when the gutters are shown to have become and remained wholly obstructed, or in such condition that the dangerous consequences to be apprehended from the overflowing of water were apparent.

*By the Court.* — Order reversed, and cause remanded for further proceedings according to law.