# The Village of Gibson
## v.
## Alexander Johnson.

VILLAGES — DUTY AS TO SIDEWALKS.—A village is bound only to the exercise of reasonable prudence in regard to the condition of its sidewalks. It is not an insurer against accidents, but is only required to keep its sidewalks in a reasonably safe condition for the accommodation of travelers. Where the sidewalk is properly constructed, and the injury is caused by its slippery condition, produced by the prevailing storms of the season, there should be no liability on the municipality.

APPEAL from the Circuit Court of Ford county; the Hon. OWEN T. REEVES, Judge, presiding. Opinion filed October 2, 1879.

Messrs. TIPTON & POLLOCK, for appellant; as to what are necessary averments in a case of this kind, cited City of Quincy v. Barker, 81 Ill. 300; City of Aurora v. Pulfer, 56 Ill. 270; Luther v. Worcester, 97 Mass. 268; Hutchinson v. Boston, 97 Mass. 272; McLaughlin v. City of Corry, 77 Pa. St. 109;

Perkins v. Fond du Lac, 34 Wis. 435; Stanton v. Springfield, 12 Allen, 556.

Mere slipperyness of sidewalk, occasioned by accumulation of snow and ice, but not amounting to an obstruction, is not such a defect as will make the village liable: Stanton v. Springfield, 11 Allen, 566; Nason v. Boston, 14 Allen, 508; Cook v. Milwaukee, 24 Wis. 270; Ward v. Town of Jefferson, 24 Wis. 191.

The village is only bound to see that its sidewalks are reasonably safe for persons exercising ordinary care: Chicago v. McGiven, 78 Ill. 347; Bloomington v. Reed, 2 Bradwell, 542; Gridley v. Bloomington, 68 Ill. 47; Chicago v. Bixley, 84 Ill. 82; City of Quincy v. Barker, 81 Ill. 300.

The negligence of the plaintiff will preclude a recovery: Loker v. Inhabitants of Brooklyn, 13, Pick. 343; Hunter v. Ipenich, 12 Cush. 488; Lovenguth v. Bloomington, 71 Ill. 238; Quincy v. Barker, 81 Ill. 300; City of Aurora v. Pulfer, 56 Ill. 270.

Knowing the walk to be dangerous, he should have taken some other route: Wilson v. Charleston, 8 Allen, 137; Todd v. Old Colony R. R. Co. 8 Allen, 21; Denny v. Williams, 5 Allen, 1; Centralia v. Krouse, 64 Ill. 19; Lovenguth v. Bloomington, 71 Ill. 238; City of Aurora v. Pulfer, 56 Ill. 270; Quincy v. Barker, 81 Ill. 303; Sinclair v. Bendt, 87; Ill. 174.

Where the negligence of the plaintiff was not slight, and that of defendant gross in comparison, there can be no recovery: Ill. Cent. R. R. Co. v. Benton, 69 Ill. 174; C. & A. R. R. Co. v. Pondrom, 51 Ill. 333; C. B. & Q. R. R. Co. v. Dunn, 52 Ill. 451; Ill. Cent. R. R. Co. v. Baches, 55 Ill. 379; Ill. Cent. R. R. Co. v. Maffitt, 67 Ill. 431; R. R. I. & St. L. R. R. Co. v. Delaney, 82 Ill. 198; C. B. & Q. R. R. Co. v. Triplett, 38 Ill. 482.

Where the negligence of the plaintiff materially contributes to the injury, there can be no recovery: C. & N. W. R. R. Co. v. Clark, 70 Ill. 276; C. & A. R. R. Co. v. Gretzner, 46 Ill. 74; Ill. Cent R. R. Co. v. Cragin, 71 Ill. 177; T. W. & W. R. R. Co. v. McGinnis, 71 Ill. 346; C. & A. R. R. Co. v. Mock, 72 Ill. 141; Ill. Cent. R. R. Co. v. Hall, 72 Ill. 222; R. R. I. & St. L. R. R. Co. v. Hillmer, 72 Ill. 235; Ill. Cent. R. R. Co. v. Hammer,

72 Ill. 347; Grand Tower M'f'g Co. v. Hawkins, 72 Ill. 386; R. R. I. & St. R. R. Co. v. Irish, 72 Ill. 404; Ill. Cent. R. R. Co. v. Goddard, 72 Ill. 567; R. R. I. & St. L. R. R. Co. v. Rafferty, 73 Ill. 58; Litchfield Coal Co. v. Taylor, 81 Ill. 590; C. & N. W. R. R. Co. v. Coss, 73 Ill. 394; Kewanee v. Depew, 80 Ill. 119; Sterling Bridge Co. v. Pearl, 80 Ill. 251.

Proof that others fell on the walk in question should not have been allowed: Hubbard v. Concord, 35 N. H. 52.

Opinion of witnesses as to the condition of the walk should not be allowed: Chicago v. McGoven, 78 Ill. 347; Clark v. Fisher, 1 Paige, 174; Mayor, etc. v. Rentz, 24 Wend. 668; Linn v. Sigsbee, 67 Ill. 75; Sterling Bridge Co. v. Pearl, 80 Ill. 251.

Mr. A. SAMPLE, for appellee; that judgments will not be reversed for causes which do not affect the substantial merits of the case, cited Danforth v. Semple, 73 Ill. 170; Lodge v. Gatz, 76 Ill. 272; Sycoming Fire Ins. Co. v. Dunmore, 75 Ill. 14; Hopkins v. I. & St. L. R. R. Co. 78 Ill. 32; Glickauf v. Maurer, 75 Ill. 289; Crist v. Wray, 76 Ill. 204.

Objections not made below cannot be assigned for error: Wickenkamp v. Wickenkamp, 77 Ill. 92; Hanford v. Obrecht, 49 Ill. 146; Clay v. Boyer, 2 Gilm. 506; Daggett v. Gage, 41 Ill. 465; Metcalf v. Edminston, 25 Ill. 392; Littiech v. Mitchell, 73 Ill. 603.

As to notice to village authorities of defect: Bloomington v. Bay, 42 Ill. 503; Chicago v. Fowler, 60 Ill. 322; Dewey v. Detroit, 15 Mich. 307; Mayor v. Sheffield, 4 Wall. 189; Reed v. Northfield, 13 Pick. 94; How v. Lowell, 101 Mass. 99.

Notice is a question of fact for the jury: Rockford v. Hildebrand, 61 Ill. 155; Calley v. Inhabitants, 57 Me. 181; Mosey v. Troy, 61 Barb. 580.

Though a cause of action be stated defectively in the declaration, a general verdict will cure the defect; Com. Ins. Co. v. Treasurer Bank, 61 Ill. 482; Ill. Cent. R. R. Co. v. Simmons, 38 Ill 242; Wallace v. Curtiss, 36 Ill. 156; Barker v. Koozier, 80 Ill. 205.

It was negligence on the part of the village to suffer the

sidewalk to remain in this condition: Rockford v. Hildebrand, 61 Ill. 155; Cook v. Milwaukee, 24 Wis. 270; Luther v. Worcester, 97 Mass. 268; Hutchins v. Boston, 97 Mass. 272; Hull v. Lowell, 10 Cush. 260; Shea v. Lowell, 8 Allen, 136; Payne v. Lowell, 10 Allen, 147; Providence v. Clapp, 17 How. 164; Collins v. Council Bluffs, 32 Iowa, 324; Scammon v. Chicago, 25 Ill. 424; Clayburgh v. Chicago, 25 Ill. 535; Bloomington v. Bay, 42 Ill. 503; City of Peru v. French, 55 Ill. 317; Schmidt v. C. & N. W. R. R. Co., 83 Ill. 405; Moses v. Troy, 61 Barb. 580; Mayor v. Marriott, v. 9 Md. 160; McLaughlin v. City of Correy, 77 Pa. St. 109.

Where the injury is the combined result of accident and negligence on the part of the municipality to keep its streets in repair, it is liable: Ring v. City of Cohoes, 13 Hun, 76; Moulten v. Sanford, 57 Me. 127; City of Lacon v. Page, 48 Ill. 499; Kelsey v. Town of Glover, 15 Vt. 708; Baldwin v. Greenwood Turn. Co., 40 Conn. 238.

As to care required in keeping sidewalks in repair: Davenport v. Ruckman, 37 N. Y. 568; Manderscheil v. Dubuque, 25 Iowa, 108.

What is a defective or bad condition of the sidewalk, is a question for the jury: Rockford v. Hildebrand, 61 Ill. 155; Washburn v. Woodstock, 49 Vt. 503; Draper v. Town of Ironton, 42 Wis. 696; Gagg v. Vetler, 41 Ind. 228.

Seeing other people pass over the place, plaintiff had a right to presume that he could pass also, and it was not negligence in him to make the attempt: Steer v. City of Oskaloosa, 41 Iowa, 353; Davenport v. Ruckman, 37 N. Y. 568; Peach v. City of Utica, 10 Hun. 477; Gillespie v. Newburgh, 54 N. Y. 468; Bills v. City of Ottumwa, 35 Iowa, 107.

As to what constitutes negligence: Blythe v. Birmingham Water Works Co., 11 Exch. 781; G. W. R. R. Co. v. Haworth, 39 Ill. 346; Richardson v. Kerr, 34 Cal. 63.

Plaintiff's right to recover does not depend upon whether he knew of the defect and might have avoided it, but whether he had reasonable cause to think he might pass over safely, and whether he used reasonable care in attempting it: Thomas v. W. U. Tel. Co., 10 Mass. 156; Smith v. St. Joseph, 45 Mo. 449;

Nicks v. Marshall, 24 Wis. 139; Mahoney v. Met. R'y Co. 104 Mass. 73.

The question whether plaintiff was exercising due care at the time, is for the jury: Rockford v. Hildebrand, 61 Ill. 155.

His negligence was slight, and that of defendant gross, in comparison: City of Lacon v. Page, 48 Ill. 499; C. & A. R. R. Co. v. Pondrom, 51 Ill. 333; C. & N. W. R. R. Co. v. Harris, 54 Ill. 528; I. & St. L. R. R. Co. v. Stables, 62 Ill. 313; Sterling Bridge Co. v. Pearl, 80 Ill. 257; Rockford v. Hildebrand, 61 Ill. 155.

An excessive judgment will not always be reversed: Pahlman v. King, 49 Ill. 266; T. & W. R. R. Co. v. Ingraham, 58 Ill. 120; Hewitt v. Jones, 72 Ill. 218.

A new trial will not be granted unless clearly against the weight of evidence: Malburn v. Schreiner, 49 Ill. 69; Am. Ex. Co. v. Bruce, 50 Ill. 201; Chicago City R'y Co. v. Young, 62 Ill. 238.

DAVIS, P. J.  Appellee recovered a judgment below against appellant in an action on the case brought to recover damages for an injury caused by a fall on a sidewalk in the village.

Appellant appeals to reverse the judgment.

Appellee, an old man about seventy-three years of age, on the night of the twenty-fourth of December, 1877, was passing on Sangamon avenue, a street in the village of Gibson, when he slipped on the ice and fell, fracturing his arm two or three inches above the wrist, breaking the outside bone. Snow had fallen on the walk and it had been tramped down, and had frozen, and was slippery and lumpy. The walk where he fell was much used and was a public place. It was a cross-walk, and had an inclination of twenty-three and a half inches in fourteen feet. A large quantity of snow had fallen just before the twenty-fourth. The snow by tramping caused an uneven surface, and it was very slippery, with little knolls worn very smooth. There was an extraordinary amount of snow and ice that winter, and the sidewalks and streets of the village were all in a slippery condition. Appellee testified that if there had been no ice he would not have fallen; the ice made it

Village of Gibson v. Johnson.

dangerous and was the cause of his falling.   It was shown by appellant that the walk on which appellee fell was well made, and of good material, and most of the walk was level.

We think the evidence fails to show any liability on the part of the village.   It was bound only to the exercise of reasonable prudence.   It was not required to foresee and provide against every possible danger or accident that might occur.   It is not an insurer against accidents, but is only required to keep its streets and sidewalks in a reasonably safe condition for the accommodation of travelers and pedestrians.   City of Chicago v. Bixby, 84 Ill. 85.   The evidence was clear and undisputed, that the walk on which the accident happened was well made, and of good material, and had it not been for the extraordinary fall of snow, the coldness of the weather and the formation of the ice by the tramping of the snow and freezing—contingencies against which the village could not always provide—the accident would not have happened.   Appellee himself, as he testified, attributed his fall, not to any defect in the sidewalk, but to the ice.   It was the ice made it dangerous and caused his fall.

In the City of Chicago v. McGiven, 78 Ill. 352, it was held the mere slipperyness of a sidewalk, occasioned by ice or snow not being accumulated so as to constitute an obstruction, is not such a defect as will make the city liable for damages occasioned thereby.   In this case there was no accumulation of ice or snow constituting an obstruction.   The snow as it fell was packed down by pedestrians until it became smooth, icy and slippery, with little knolls worn very smooth.   Where the sidewalk, as in this case, is properly constructed, and the injury is caused by the slippery condition of the walk produced by the prevailing storms of the season, there should be no liability on the municipality.   There being no cause of action against the village, the judgment must be reversed.

Judgment reversed.