NEBRASKA CITY, PLAINTIFF IN ERROR, v. ANNIE RATHBONE, DEFENDANT IN ERROR.

**Municipal Corporations:** NEGLIGENCE.   Where the testimony shows that there were accumulations of snow and ice on a sidewalk, in consequence of which the plaintiff fell and sustained severe injuries, the question whether the city was negligent in removing the obstruction is one of fact, to be determined by the jury from all the circumstances of the case.

ERROR to the district court for Otoe county.   Tried below before HAYWARD, J.

*John C. Watson,* for plaintiff in error.

The mere slipperiness of a sidewalk, occasioned by ice and snow, not accumulated so as to cause an obstruction, is not ordinarily such a defect as will make the city liable for damages occasioned thereby.  *Stanton v. Springfield,* 12 Allen, 566.   *Nason v. Boston,* 14 Allen, 508.   *Cook v. Milwaukee,* 24 Wis., 270.   *Ward v. Jefferson,* Id., 342. *Cook v. Milwaukee,* 27 Wis., 191.   *Chicago v. McGiven,* 78 Ill., 347, 1875.   See also *Grossenbach v. Milwaukee* (Wis.), 26 N. W. Rep., 182.   *Broburg v. Des Moines* (Iowa), 19 N. W. Rep., 340.   *McKeller v. Detroit* (Mich.), 23 N. W. Rep.   *Battersby v. New York,* 7 Daly, 16. *Urquhart v. Ogdensbury,* 2 Amer. & Eng. Corp. Cas., 565 *et seq.   Broburg v. Des Moines,* 4 Amer. & Eng. Corp. Cas., 627; S. C., 19 N. W. Rep., 340.   *Chicago v. O'Brien,* 111 Ill., 532; S. C., 53 Amer. Rep., 640.   *Hill v. Fon du Lac,* 53 Wis., 248; S. C., 14 N. W. Rep., 25. *Stilling v. Thorp,* 54 Wis., 537; S. C., 11 N. W. Rep.; 906.   *Cloughessey v. Waterbury,* 51 Conn., 405.

*Frank T. Ransom,* for defendant in error.

It is for the jury to determine how long a defect in a sidewalk must have existed to charge the city with constructive notice.   *Sheel v. Appleton* (Wis.), 5 N. W. Rep., 27.   *Colley v. Westbrook,* 57 Me., 181.   *Logansport v. Justice,* 74 Ind., 378.

MAXWELL, CH. J.

This action was brought by the defendant in error against the plaintiff in the district court of Otoe county to recover for personal injuries sustained by her from falling on a

sidewalk in said city while said sidewalk was obstructed by snow and ice. A verdict was rendered in favor of the defendant in error and judgment was rendered thereon.

It is alleged in the petition that the defendant is a muni- cipal corporation, a city of the second class duly organized under the laws of the state, and was such at the time of the accident hereinafter mentioned, and had full charge and control of the streets in said city.

That Main street is a public street in said city, duly laid, the grade thereof established, and is guttered and side- walked, and is the principal street in said city.

That portion of said Main street, commencing with the line of the property thereon, and extending for a distance of twelve feet into and toward the center of the street, is set aside for sidewalks and sidewalk purposes, to accom- modate persons traveling on foot on said street.

The west half of lot eleven, in block nine in said city, fronts upon said Main street and adjoins the line of said street on the north.

On the 3d day of January, 1885, and for a long time prior thereto, snow and ice had been allowed to accumu- late upon the sidewalk in front of the said west half lot eleven in block 9, the said sidewalk being a part of said Main street, and the said accumulations of snow and ice had been allowed for such a length of time, and to such an extent, that the same formed obstructions thereon, and impeded travel over said sidewalk, ridges of snow and ice had been formed upon the said sidewalk, and rendered the said sidewalk dangerous and hazardous. The said formation of ice and snow, and the said obstructions had been allowed by defendant, and had been allowed and suffered to be and remain upon said sidewalk through the negligence of defendant, and the said sidewalk through the negligence of defendant had been allowed to become and remain dangerous to travelers passing over and across the said sidewalk.

On the said 3d day of January, the plaintiff was walking upon said Main street, to-wit, that portion thereof composing the said sidewalk and was using due care and caution, and entered upon the said dangerous sidewalk in front of the said west half of said lot eleven without being aware of the dangerous condition thereof.

By reason of the accumulation of ice and snow and the obstructions formed thereby, and without any fault or want of care on her part, plaintiff stepped and fell upon said sidewalk, in front of said west half of said lot eleven, and striking violently upon said ice and obstructions aforesaid, her arm was broken, her body was severely bruised, and she was injured internally, and as a result thereof she was confined to her bed for more than two months, and has been put to great trouble and expense for physician's and surgeon's services, and has suffered great pain and anguish, and has by reason of said injuries been rendered unable to do any manual labor, and unable to earn her living and sustain herself as she has heretofore been accustomed to do, to her damage in the sum of $5,000.

She presented her claim for damages for said injuries, with a statement of the circumstances attending the same duly verified as required by law, to the defendant, and its mayor and city council, and they refused to allow the same, or to pay the said claim. Whereupon she prays for judgment against defendant for the sum of $5,000 and costs of this action.

Thereafter the defendant filed an answer to said petition setting up the following defenses:

The defendant, in answer to the petition of the plaintiff, does not deny the allegations contained in the first, second, third and fourth paragraphs in said petition. Defendant denies each and every other allegation therein contained. Wherefore, defendants demand judgment for costs in this action expended.

A very large amount of testimony was taken in the case

which need not be noticed at length.   It tends to show the following facts:   That on the 3d of January, 1885, the plaintiff below was walking on a sidewalk on Main street in said city, at or near a place called Merit Parlor, and fell, breaking her arm and sustaining other severe injuries; that for several days prior to that time snow had been falling, with some sleet, and that the sidewalks were slippery and unsafe.   All the snow that had fallen during the storm seems to have been permitted to remain on the sidewalk except as private persons may have removed the same from in front of their premises.   The testimony is conflicting as to the depth of the snow on the sidewalk, some of the witnesses speaking of it as thin coating, while others say that in places near where the accident occurred it was from a foot to twenty inches deep—sufficient in any event to be termed an accumulation.   Nebraska City is a city of the second class, and governed by the provisions of the act relating to such cities, section 77 of which provides that "The city council   *   *   shall have the care, supervision and control of all public highways, bridges, streets, alleys, public squares, and commons within the city   *   and shall cause the same to be kept open and in repair and free from nuisances."   Comp. Stat., Ch. 14.   The testimony also shows that the city had endeavored to comply with the provisions of the statute by the passage of an ordinance for the construction, repair, and removal of obstructions from sidewalks.

The questions presented are:   Do the petition and proof show that the city is liable?

In *Cook v. City of Milwaukee,* 24 Wis., 270, it was held that where snow and ice are permitted to remain upon a sidewalk in such an uneven or rounded form that one cannot walk over it, using due care, without danger of falling, the city or town will be liable to a person injured thereby; citing *Luther v. Worcester,* 97 Mass., 268.   *Hutchins v.*

*Boston,* Id. 272. *Hull v. Lowell,* 10 Cush., 260. *Shea v. Lowell,* 8 Allen, 136. *Payne v. Lowell,* 10 Id., 147. *Providence v. Clapp,* 17 How., 164.

In *Cook v. Milwaukee,* it was held that the petition did not state a cause of action, the only defect complained of being that the walk over the stone was slippery because of the smooth surface of the snow and ice which had accumulated upon it. It was held that such a condition from such a cause was not an insufficiency for want of repair which would make the city liable under a statute like that of Wisconsin. The statute is not set out in the report, but it is. stated in the brief of the attorney for the city in that case, " that no statute makes it the duty of the corporation or *empowers* it to keep the streets in repair or in a cleanly condition, or provides it with means to defray the expense of doing so." If that is a correct statement of the powers of the city of Milwaukee, they were much more restricted in that regard than are cities of the second class under our statute.

The case of *Congdon v. City of Norwich,* 37 Conn., 414, is somewhat analagous in its principal facts to the case under consideration, but the court sustained a judgment against the city in favor of the person injured. The court say (p. 419), "Accumulations of snow and ice may produce such a condition of the road as to cause it to be dangerous and defective, and in each particular case of alleged defect from such cause, the question will depend on an inquiry of fact, whether the road was in a reasonably safe condition, and whether those who were bound to keep the road in repair are justly chargeable with negligence and want of reasonable care in relation to it."

The question whether a sidewalk was defective or in an unsafe condition is one of fact and not of law. While the courts generally hold that the mere fact that a sidewalk is slippery will not render the corporation liable for an injury occasioned to a person by falling on such walk in

consequence of such condition of the walk, yet when there are accumulations of snow and ice on the sidewalks the city may be liable if it has been guilty of negligence in not removing the same.

In *Williams v. Clinton*, 28 Conn., 266, it was held that the question of the plainiff's negligence was one of fact. The verdict is clearly sustained by the evidence, and the judgment is affirmed.

JUDGMENT AFFIRMED.

THE other judges concur.