CITY OF AURORA

v.

BENJAMIN F. PARKS.

*Municipal Corporations—Sidewalks—Personal Injuries Caused by Slipping on Snow and Ice—Liability —Instructions—Where Great Accuracy is Required.*

1. To render a municipal corporation liable for personal injuries caused by slipping on snow and ice on its sidewalk, the ice and snow must have accumulated to such an extent as to cause an obstruction. Mere slipperiness and unevenness, caused by tramping, thawing and freezing, where the ice and snow has not accumulated to such an extent as to make it an obstruction, does not create a liability.

2. Where the testimony is conflicting, the instructions should be accurate and clear.

[Opinion filed December 11, 1886.]

APPEAL from the Circuit Court of Kane County; the Hon. CHARLES KELLUM, Judge, presiding.

Messrs. CHARLES WHEATON and C. L. ALLEN, for appellant. A city is not required to have its sidewalks so constructed or kept in such condition as to secure immunity from injury in using them, nor is it bound to employ the utmost care and exertion to that end. It is only required to see that its sidewalks are reasonably safe for persons exercising ordinary care and caution in using them. City of Chicago v. McGiven, 73 Ill. 347; Chicago v. Bixby, 84 Ill. 82; City of Macomb v. Smithers, 6 Ill. App. 470.

A city is not an insurer against accidents. City of Chicago v. Bixby, 84 Ill. 82; Gibson v. Johnson, 4 Ill. App. 288; City of Macomb v. Smithers, 6 Ill. App. 470.

Obstructions or defects in the streets or sidewalks of a town or city, to make the corporation liable for injury occasioned thereby, must be of such a nature that they are in themselves dangerous and can not be readily detected, or such that a person exercising ordinary prudence can not avoid danger or injury in passing over them. City of Quincy v. Barker, 81 Ill. 300.

The mere slipperiness of a sidewalk, occasioned by ice or snow, not being accumulated so as to constitute an obstruction, is not such a defect as will make the city liable for damages occasioned thereby. City of Chicago v. McGiven, 78 Ill. 347; Village of Gibson v. Johnson, 4 Ill. App. 288; City of Macomb v. Smithers, 6 Ill. App. 370.

A corporation is not liable for injuries occasioned by slipping on ice or snow on sidewalks, unless the walks have become notoriously dangerous thereby. Stanton v. Springfield, 12 Allen, 566; Nason v. Boston, 14 Allen, 501; Stone v. Hubbardstown, 100 Mass. 50; Smyth v. Bangor, 72 Me. 249; Landolt v. Norwich, 37 Conn. 615; Borough of Mauch Chunk v. Kline, 100 Pa. St. 119; Cook v. Milwaukee, 24 Wis. 270; Ward v. Jefferson, 24 Wis. 342.

A small ridge of snow and ice of inconsiderable size is not an obstruction, within the meaning of the law. Street v. Holyoke, 105 Mass. 32; Mauch Chunk v. Kline, 100 Pa. St. 119.

In a case where the evidence is conflicting the fact that the law is accurately stated on one side will not obviate errors in instructions given on the other side. I. C. R. R. Co. v. Maffit, 67 Ill. 431; Village of Warren v. Wright, 3 Ill. App. 602.

Each instruction must be in itself correct in this class of cases. Village of Warren v. Wright, 3 Ill. App. 602; C. & A. R. R. Co. v. Murray, 62 Ill. 326; Baldwin v. Killian, 63 Ill. 550; C., B. & Q. R. R. Co. v. Payne, 49 Ill. 449; Quinn v. Donovan, 85 Ill. 194; Ill. Linen Co. v. Hough, 91 Ill. 63; Joliet v. Walker, 7 Ill. App. 267.

Messrs. R. N. BOTSFORD, T. C. MOORE and N. J. ALDRICH, for appellee.

The burden was upon the City of Aurora to maintain sidewalks and keep them from being obstructed, and in such a condition that a person using ordinary care and prudence could pass over them in safety. The Supreme Court of this State has in a number of cases held that such was the rule of law; and also, that if the sidewalk was dangerous and appellee was using ordinary care in passing over it, and was injured while so doing, the appellant is liable to the full extent of such injury. And the law is so well settled that it hardly seems necessary to quote any cases, but we will suggest the following: Centralia v. Scott, 59 Ill. 129; Sterling v. Thomas, 60 Ill. 264; Bloomington v. Bay, 42 Ill. 503; Champaign v. Patterson, 50 Ill. 61; Aurora v. Pulfer, 56 Ill. 270; Aurora v. Dale, 90 Ill. 46; Aurora v. Hillman, 90 Ill. 61.

It is the duty of the City of Aurora to keep its sidewalks free from obstructions by snow and ice that impede travel and render them dangerous, and the occupants or owners of adjoining premises can not be compelled to keep the walks in front thereof free from snow and ice. Gridly v. Bloomington, 88 Ill. 554; City of Chicago v. O'Brien, 111 Ill. 532.

Aside from the decisions in our own State, the following cases have determined the liability of cities to persons falling from icy sidewalks, so formed by the freezing of melted snow, making a rough and uneven surface. McSully v. Boston, 113 Mass. 503; Cook v. Milwaukee, 24 Wis. 270; Luther v. Worcester, 97 Mass. 268; Hutchins v. Boston, 97 Mass. 272; Hall v. Lowell, 10 Cush. 260; Shea v. Lowell, 10 Allen, 136; Payne v. Lowell, 10 Allen, 147; Providence v. Clapp, 17 How. 164.

Although an instruction considered by itself is too general, yet if properly limited by others given on the other side, so that it is not probable it could have misled the jury, judgment will not be reversed on account of such instruction. Kendall v. Brown, 86 Ill. 387; Skiles v. Caruthers, 88 Ill. 458; Edwards v. Cary, 60 Mo. 572; T., W. & W. Ry. Co. v. Ingraham, 77 Ill. 309.

WELCH, J.  This was an action brought by the appellee against appellant to recover damages for an injury received by him from a fall upon one of the appellant's sidewalks on the evening of the 6th of January, 1884.  There was a verdict for the appellee for $5,000.  Motion for a new trial; motion overruled and judgment, from which this appeal is taken; various errors are assigned.

The appellee in his declaration avers that the appellant, in gross violation of its duty, permitted snow and ice to accumulate on its sidewalk, near the corner of Galena and River Streets, on the west side of River Street, so as to form an obstruction and become dangerous to travel; that he, in passing over and along said sidewalk, at about 7 o'clock P. M., January 6, 1884, in the exercise of reasonable care and caution, fell, by reason of the accumulation of ice and snow thereon, and injured his left hip and the sciatic nerve thereof permanently.  There is no defect in the construction of the walk claimed.  The evidence shows that the walk, where the appellant fell, was much used; that the appellee had, during the month of December, and up to the time he fell, passed over that walk from four to five times daily, and on the day he fell had passed over it five times; and that during the month of December and up to the 6th of January there had been a snow fall of twenty-three and three-tenths inches.  The evidence in regard to the amount of snow and ice that had accumulated on the sidewalk was conflicting.  The evidence on the part of the appellant tended to show that there was not snow or ice upon the walk sufficient to cause an obstruction to travel; that there might have been an inch as stated by some, and, as stated by others, a "thin coating of ice and snow was formed upon the walk of the thickness of a boot sole."  All of these witnesses had passed over this walk several times daily.  Some of the evidence on the part of appellee tended to show that the snow as it fell was packed down by pedestrians until it became smooth, icy and slippery, with little knolls worn smooth, and that there was from two to three inches of snow in the center of the walk.  If this was the condition of the walk there was no liability on the part of appellant.  Yet, under the 4th and

5th instructions given for the appellee the jury may have believed that this was the condition of the walk, and have been justified under these instructions to find for the appellee. The instructions were as follows :

4th. "If the jury believe from the evidence that the plaintiff was injured by reason of the defendant negligently failing to keep the sidewalk in question in a reasonably safe condition for travel over the same but allowed snow and ice to accumulate thereon, so as to make the same unsafe and dangerous to persons using ordinary care and prudence having occasion to pass over the same, and suffered the same to so remain, with notice thereof, or for such length of time as by proper care and diligence they might have known of its condition, then the city is liable in this action, and the jury should so find."

5th. "If the jury believe from the evidence that the sidewalk in controversy, at the point where the alleged injury occurred, on the 6th day of January, A. D. 1884, the time when said injury occurred, had become dangerous from deposits of ice and snow, and the surface of said walk had become rough and uneven on account thereof, and that such had been the condition for an unreasonable length of time before the alleged injury, and was so at the time of the injury, and that plaintiff, while passing over the same, and in the exercise of ordinary care and prudence, slipped and fell and injured his leg or hip, then the plaintiff is entitled to recover damages for such injury, and the jury should so find."

They authorized the jury to find for appellee, if the sidewalk was unsafe and dangerous from ice and snow accumulated thereon, even though it had not accumulated to the extent to cause an obstruction. There may have been sufficient ice and snow on the walk to make it slippery, rough, uneven, dangerous and unsafe, and yet the appellant not be liable. To render the appellant liable, the ice and snow must have accumulated to such an extent as to cause an obstruction. Mere slipperiness and unevenness caused by the tramping, thawing and freezing, where the ice and snow has not accumulated to such an extent as to make it an obstruction, does not create a liability.

These instructions are in conflict with the rule announced by the Appellate and Supreme Courts of this State. The Village of Gibson v. Johnson, 4 Ill. App. 288; City of Macomb v. Smithers, 6 Ill. App. 47; City of Chicago v. McGiven, 78 Ill. 347; City of Quincy v. Barker, 81 Ill. 300; City of Chicago v. Bixby, 34 Ill. 82. They should not have been given.

The evidence being conflicting, the law should have been accurately stated. Ill. Central R. R. Co. v. Maffit, 67 Ill. 431; Village of Warren v. Wright, 3 Ill. App. 602.

It is also insisted by the appellant that the damages are excessive. We do not feel called upon to examine or discuss that question, as this case will have to be re-tried. For the errors indicated, the judgment is reversed and cause remanded, and *venire de novo* awarded.

*Reversed and remanded.*