**Anna B. Eppley, Appellee, v. City of Chicago, Appellant.**

**Gen. No. 26,517.**

MUNICIPAL CORPORATIONS—*liability for injuries caused by ice permitted to form in ridges on sidewalk.* Permitting ice and snow to accumulate in hard frozen ridges at a congested street crossing where the sidewalk was at an unusual height above the pavement and to remain in that condition for such time as would constitute notice to the city is such negligence as will render a city liable to a pedestrian injured by falling thereon.

Appeal from the Circuit Court of Cook county; the Hon. THOMAS G. WINDES, Judge, presiding. Heard in this court at the October term, 1920. Affirmed. Opinion filed May 16, 1921.

SAMUEL A. ETTELSON and WILLIAM H. DEVENISH, for appellant; ROBERT H. FARRELL, of counsel.

CHARLES C. SPENCER and ARTHUR A. HOUSE, for appellee.

MR. PRESIDING JUSTICE HOLDOM delivered the opinion of the court.

This is an action for damages for an accident which happened to plaintiff while she was attempting to

cross a crosswalk on the west side of Wabash avenue from the north to the south side of Thirteenth street, Chicago, by reason of a dangerous condition created by defendant permitting the accumulation of ice and snow, which became rough, uneven and in high ridges, causing her to fall and suffer a compound fracture of the left leg. There was a verdict and judgment thereon for $2,500, and defendant appeals and asks a reversal.

The only point argued for reversal is that the slipperiness of a sidewalk occasioned by ice and snow is not such a defect as will render a municipality liable for damages to a person falling thereon.

The place of the accident is one of congested traffic, both vehicular and pedestrian. The accident happened January 2, 1919. It is in evidence that severe and rather unusual snowstorms occurred the previous month, and that there had been an accumulation of snow at and in the vicinity of the accident; that vehicular traffic had made the snow quite uneven and ridges had been raised at the place of the accident in the street, which were frozen hard; that there were depressions in the roadway which made these ridges quite uneven; that the combination of unevenness, hardness and slipperiness was the proximate cause of the accident; that this unsafe condition had existed a sufficient length of time to be notice, either actual or constructive, to defendant of its existence, so that it should have removed it, and in not so doing but allowing the walk to remain in an unsafe condition, it was guilty of actionable negligence.

We gather from the testimony that the step from the sidewalk was unusual as to its height; that it was about 14 inches above the level of the roadbed; that there was an obstruction in the roadway caused by the ridges and the frozen snow. Plaintiff's account of the happening of the accident is, that in stepping from the walk to the street she put her right foot down first and

on bringing her left foot down it struck a piece of ice and threw her. She could not tell the exact piece she fell over because there were so many chunks of ice, but testified that the street was so obstructed as to make it dangerous for pedestrians to cross. A witness who photographed the place of the accident testified that it was full of ice and lumps "down below the sidewalk; they would probably run a foot high." The unusual height of the sidewalk was occasioned by laying a new sidewalk on top of the old one, which condition had existed for a number of years before the accident.

We think the controlling principle is well stated in *Mareck v. City of Chicago*, 89 Ill. App. 358, as follows:

"It is true, as argued, that mere slipperiness of a sidewalk, occasioned by ice or snow, not being accumulated so as to constitute an obstruction, is not such a defect as will make the city liable for damages occasioned thereby. *City of Chicago v. McGiven*, 78 Ill. 347; *City of Quincy v. Barker*, 81 Ill. 300; 2 Dillon on Municipal Corp. (4th Ed.), sec. 1006.

"But it is also true that an obstruction in a sidewalk caused by an accumulation of snow or ice in uneven ridges or hillocks, so as to render passage dangerous, if negligently permitted to remain, may render a city liable for injury thereby caused. *City of Chicago v. McGiven*, 78 Ill. 347; *City of Quincy v. Barker*, 81 Ill. 300; *Village of Gibson v. Johnson*, 4 Ill. App. 288; *City of Macomb v. Smithers*, 6 Ill. 300; *Village of Macomb v. Smithers*, 6 Ill. App. 470; *City of Aurora v. Parks*, 21 Ill. App. 459; *Luther v. City of Worcester*, 97 Mass. 268; *Morse v. City of Boston*, 109 Mass. 446; *Cook v. City of Milwaukee*, 24 Wis. 270; *Paulson v. Town of Pelican*, 79 Wis. 445; *Thompson v. Village of Saratoga Springs*, 47 N. Y. Supp. 1033; *McLaughlin v. Corry*, 77 Pa. St. 109; *Wyman v. City of Philadelphia*, 175 Pa. St. 117.

"The general rule is concisely stated by the Pennsylvania court:

" 'A municipality cannot prevent the general slipperiness of its streets, caused by snow and ice during

the winter, but it can prevent such accumulation thereof in the shape of ridges and hills, as render their passage dangerous.'

"In some of the decisions cited the test seems to be as to whether the condition is the result of natural causes, depositing the snow and causing the ice, or the result of artificial causes in changing the natural deposit into ridges and hillocks, or the result of structural defects in the walk upon which the deposit of snow or ice is lodged. In other cases, it would seem that the criterion adopted is as to whether the uneven accumulation of snow or ice amounts to an obstruction to travel, without any very definite rule by which to determine what is or is not an obstruction—a question of fact necessarily within the province of a jury. But all authorities agree that while mere slipperiness, caused by snow and ice, will not of itself impose liability, yet uneven ridges or hillocks of snow or ice, when they amount to an obstruction to travel, and are negligently permitted to remain, may impose liability."

The condition at the place where plaintiff fell was an obstruction to pedestrians caused by the uneven ridges of snow and ice there present for such a length of time as to constitute negligent conduct on the part of the city in not earlier removing it as an obstruction to travel. Supporting this case is *Dracass v. City of Chicago,* 193 Ill. App. 75.

The record demonstrates that defendant was guilty of the negligence charged which was the proximate cause of plaintiff's injuries; therefore the judgment of the circuit court is affirmed.

*Affirmed.*

DEVER and McSURELY, JJ., concur.