·CHRIST HANSON *vs.* MINNEAPOLIS & ST. LOUIS RAILWAY COMPANY.

October 12, 1887.

·Railway Crossings — Collision — Contributory Negligence.—Evidence considered, and *held* to make a case for the determination of the jury upon the question of the contributory negligence of the plaintiff, and the engineer in charge of an engine upon which plaintiff was riding, when injured by a collision with defendant's train at a railway crossing.

Same—Compliance with Rules as to Crossing.—The engineer was required, by·a rule of the company in whose employ both he and the plaintiff were engaged, to stop the engine at a "stop-board," 400 feet from the crossing. *Held*, that, in an action for an injury caused by the alleged negligence of the defendant, the failure to stop in strict obedience to such rule was not conclusive evidence of negligence on the part of such employes.

Appeal by defendant from an order of the district court for Hennepin county, *Rea*, J., presiding, refusing a new trial, after a verdict for .$2,500 for plaintiff.

*J. D. Springer*, for appellant.

*Wilson & Lawrence*, for respondent.

VANDERBURGH, J.   On the day of the injury complained of, the ·plaintiff was in the employment of the Milwaukee & St. Paul Railway Company, as brakeman on a freight train, and was engaged, with ·others, in switching cars over a spur track of that company, which ·crosses the track of the defendant company in the village of Dundas, descending in a southerly direction, on a steep grade at and above the crossing, to a mill, to and from which grain and flour were transported.   Five cars were to be transferred from the mill over this track ·to the main line; but, owing to the grade, only three cars were so transferred on the first trial, and two were left standing on the track just below the crossing, (about two car-lengths,) and the engine was backing down to haul up these cars when the collision occurred in which plaintiff was injured.   Upon this return trip, there is evidence tending to show that the engine was stopped, within the statutory limit, .above the crossing.   Upon this no point is made in the argument,

nor in respect to the proof of the defendant's negligence, of which there is very little question, as the evidence shows that the train, composed of an engine and pay-car, was running recklessly, and at a high rate of speed, at the time.

The defendant's assignments of error are—*First,* that the court erred in refusing its request to charge the jury that the plaintiff was chargeable with such contributory negligence as to bar any recovery in the action; *second,* that the court erred in charging the jury that the failure of the engineer in charge of the engine upon which plaintiff was injured to stop the same at the "stop-board," as required by the rules of the Milwaukee Company, was not negligence *per se.*

1. We think that, under the evidence, the question of the contributory negligence both of plaintiff and the engineer was for the jury. It is not necessary to state in detail the testimony tending to support this conclusion. It, however, appeared in evidence, among other things, that the stop-board in question was about 400 feet from the crossing, and situated on a descending grade, which increased from that point to the crossing and beyond; that the engine was halted about the same distance above the stop-board as was usually done, and at the customary place; that it started slowly, and continued so to move, and passed the stop-board at a low rate of speed, and was backed down very carefully and cautiously to avoid running on to the cars below on the same track; that these men had been informed, in answer to their inquiry, that the regular train of the St. Louis road had already passed, and the train which caused the collision was a wild train, which, without stopping, appeared suddenly and unexpectedly, running from 15 to 20 miles an hour; that both were looking and listening as they approached the crossing from the stop-board, but heard and saw nothing of the approach of this train in time to avoid the collision. The track of the St. Louis road was for a portion of the way obscured by intervening objects, and their attention would naturally be divided between reasonable observations in both directions and the management of their own train, and they were not bound to anticipate culpable negligence by the engineer of the St. Louis train in approaching the crossing. The evidence of these and other facts, including the relative situation of the tracks of the two

companies, to our minds unquestionably made the case one proper for the consideration of the jury. *Hutchinson* v. *St. Paul, M. & M. Ry. Co.,* 32 Minn. 398, 402, (21 N. W. Rep. 212,) and cases cited.

The plaintiff was the only one injured, and it is insisted by the appellant that he might have escaped injury by seasonably jumping from the engine, and that in failing to do so he was guilty of negligence; but, under the circumstances disclosed, the question whether, in the exercise of ordinary prudence, he should have seen the approaching engine in time to have escaped danger by jumping, or whether, if he was warned of the danger in time, his failing to escape in such an emergency was negligence, were also questions for the jury. It was not so clear what a person of ordinary prudence would do in such a case as to warrant the court in withdrawing the case from the jury.

2. The court charged the jury that they should consider the fact that there was a stop-board directing the engineer to stop, and that the failure to stop the engine at that place was not necessarily negligence, but was a circumstance to be considered upon the question of contributory negligence. In this there was no error. The rules of the company do not necessarily determine the legal standard of negligence in an action for injuries caused by third persons. There was no reckless disregard of them. The engine was stopped, before reaching the post, in the customary place, and was doubtless handled with as much care, and at as slow rate of speed after passing it, as if there had been a literal compliance with the rules.

Order affirmed.