The State v. Corfield.

---

THE STATE OF KANSAS v. H. A. W. CORFIELD.

FORGERY, *Not Charged—Information, Not Error to Quash.* An information which charges that the defendant made out, swore to and presented to the board of county commissioners of a certain county a claim against said county, which was allowed and a warrant issued to him thereon, when said county did not owe him anything, is not guilty of forgery under §115 of the crimes act; and an information based upon such facts does not charge the offense of forgery, and it is not error to sustain a motion to quash the same.

*Appeal from Barton District Court.*

THE opinion states the case.

*L. B. Kellogg*, attorney general, *Ady & Nicholson, J. M. Johnson*, and *J. A. Wilson*, for appellant.

*Webb & Lindsay*, for appellee.

Opinion by STRANG, C.: Prosecution for forgery. Information filed in the district court of Kearny county April 16, 1889. April 18, 1889, change of venue allowed, and case sent to Barton county, Kansas. March 10, 1890, motion to quash sustained, and defendant discharged; to which ruling sustaining such motion to quash and order discharging the defendant the state of Kansas excepted, and appeals to this court. The sole question to be determined here is, whether or not the information charges the offense of forgery under our statutes. The information reads as follows:

"I, J. A. Wilson, the undersigned, county attorney of said county, in the name, by the authority, and on behalf of the State of Kansas, come now here and give the court to understand and be informed, that on the 1st day of October, A. D. 1888, in said county of Kearny and state of Kansas, one [H. A. W. Corfield] did then and there unlawfully, feloniously, and fraudulently, falsely make and forge and issue to him, and did willingly aid and assist in falsely making and forging, a certain county order and warrant, of the county of Kearny, in the state of Kansas, issued and purporting to have been issued under the authority of the said county of Kearny, and purporting to have been issued by virtue of the laws of the state of Kansas, providing for the allowance and payment of claims against counties in said state of Kansas, the substance, purport and effect of which said false and forged county order and warrant is as follows, that is to say:

"'No. 474.          COUNTY CLERK'S OFFICE.          $1,000.00
"'LAKIN, KAS., October 1, 1888.

"'*Treasurer Kearny County, Kansas:*

"'Pay to H. A. W. Corfield, or bearer, the sum of one thousand and $\frac{00}{100}$ dollars, for mileage and ex. for co., as commissioner, out of any money in the treasury not otherwise appropriated. By order of the board of county commissioners.          W. J. PRICE, *Chairman.*

"'J. B. WATERMAN, *Clerk.*'

"Which said county order and warrant was sealed with the seal of said county, and was of the value of $1,000; a more particular description of which is to said county attor-

ney now unknown, the said false and forged county order and warrant being destroyed, (or in the possession of some person to said county attorney unknown;) which said county order and warrant was falsely made and is a forgery, in this: that said county of Kearny did not owe said [H. A. W. Corfield] said sum of $1,000 nor any part thereof, which said defendant well knew at the time he so made and caused and procured said county order and warrant to be so made and issued to him; and that said defendant then and there well knew said county order and warrant to be false and fraudulent, and that he so made and caused and procured said county order and warrant to be so made and issued to him the said [H. A. W. Corfield] with intent to cheat and defraud said county of Kearny, which was then and there an organized county of the state of Kansas, contrary to the form of the statutes in such cases made and provided, and against the peace and dignity of the state of Kansas.

"Second count: And I, the said J. A. Wilson, county attorney as aforesaid, give the court to further understand and be informed, that on the 1st day of October, 1888, in said county of Kearny, in the state of Kansas, the said H. A. W. Corfield did then and there unlawfully, feloniously, and fraudulently, falsely make and forge, and cause and procure to be falsely made, forged, and issued to him, and did willingly aid and assist in falsely making and forging, a certain county order and warrant of the county of Kearny, in the state of Kansas, issued and purporting to have been issued under the authority of said county of Kearny, and purporting to have been issued by virtue of the laws of the state of Kansas, providing for the allowance and payment of claims against counties in said state of Kansas, the substance and effect of which said false and forged county order and warrant is as follows, that is to say:

"'No. 475.                        COUNTY CLERK'S OFFICE.                    $380.00
                                    "'LAKIN, KAS., Oct. 1, 1888.
"'*Treasurer Kearny County, Kansas:*
    "'Pay to H. A. W. Corfield, or bearer, the sum of three hundred eighty and $\frac{00}{100}$ dollars, for four trips to Topeka for county, out of any money in the treasury not otherwise appropriated.   By order of the board of county commissioners.              W. J. PRICE, *Chairman.*
    "'J. B. WATERMAN, *Clerk.*'

"Which said county order and warrant was sealed with the seal of said county, and was of the value of $380; a more particular description of which is to said county attorney now unknown, the said false and forged county order and

14 — 46 KAS.

warrant being destroyed or in the possession of some person to said county attorney unknown, which said county order and warrant was falsely made and is a forgery, in this: that said county of Kearny did not owe said H. A. W. Corfield said sum of $380, nor any part thereof, which said defendant well knew at the time he so made and caused and procured said county order and warrant to be so made and issued to him, and that said defendant then and there well knew said county order and warrant to be false and fraudulent, and that he so made and caused and procured said county order and warrant to be so made and issued to him, the said H. A. W. Corfield, with intent to cheat and defraud said county of Kearny, which was then and there an organized county of the state of Kansas, contrary to the statutes in such cases made and provided, and against the peace and dignity of the state of Kansas.      J. A. WILSON, *County Attorney."*

The prosecution is under § 115 of the crimes act, which, so far as it is material or pertinent, reads as follows:

"Every person who shall falsely make, alter, forge, counterfeit, print, or photograph, or cause or procure to be falsely made, altered, forged, counterfeited, printed, or photographed, . . . any county warrant or order, . . . shall, on conviction, be adjudged guilty of forgery in the first degree."

This section is a copy of § 115 of the crimes act of 1868, as amended by the legislature of 1876. The original section in the statutes of 1868, so far as it is material to this case, reads as follows:

"Every person who shall forge, counterfeit, or falsely alter, or cause or procure to be forged, counterfeited, or falsely altered, any warrant . . . of the state of Kansas . . . shall, on conviction, be adjudged guilty of forgery in the first degree."

Comparing this section with original § 115 of the Laws of 1868, we find that the legislature of 1876, in amending said section, so far as such amendments are pertinent to this case, added the word "make" to the operative words of the section, and extended the effect of the statute to county warrants and orders. The operative words of the old section are "forge, counterfeit, or falsely alter, or cause or procure to be forged, counterfeited, or falsely altered;" while in the new or amended

section, they are "falsely make, alter, forge, counterfeit, print, or photograph, or cause or procure to be falsely made, altered, forged, counterfeited, printed, or photographed." The word "falsely" and the procurement clause are found in both sections. The portion of the section to be construed is the first part thereof, containing the operative words, it being conceded that the present section extends the operation of the statute to county warrants and orders. In the old statute the word "falsely" follows all the operative words of the section except the word "alter," which alone it modifies, while in the amended section it precedes and modifies them all. By such change, does the phraseology obtain any new or other significance from that which it had in the orginal section, so far as it went? We are unable to discover any. As it now stands, the word "falsely" modifies the words "forge and counterfeit," as well as the words "make and alter." Does the word "falsely" possess any meaning different, when it modifies the word "make" in this section, from that which it possesses when it modifies the words "forge and counterfeit?" Can we say that the word "falsely," when it modifies the words "make and alter," in the present section, means "fraudulently," and that it means something else when it modifies the very next word in the same sentence, to wit, "forge?" We think not. We see no reason for giving the words "falsely make" and "falsely forge," as found in our statute, any other or different meaning from that which they possess in the ordinary forms of indictment for forgery or counterfeiting, or in the text-books. If the word "false" were eliminated from the section, and it read, "every person who shall make, or cause or procure to be made, any county warrant or order, with intent to defraud the county," or if the language was, "every person who shall falsely procure to be made any county warrant or order, with intent to defraud the county," we could better understand the contention of the appellant; since, in the one case the defendant might be guilty of procuring the warrant to issue, and the information would be good; and in the other, we could say the word "falsely" means "fraud-

ulently," and hold the charge good because the defendant fraudulently procured the warrant to issue.

It seems to us that the position of the appellant is based upon a misapprehension of the statute, since it is claimed that the defendant is guilty of the offense of forgery, although it is conceded that he did not make the warrant set out in the information, but that, on the contrary, the warrant was made by the chairman of the board of county commissioners and attested by the county clerk, upon a claim regularly presented to and allowed by the county board. In other words, it is insisted that the defendant is guilty of forgery though he did not make the warrant, and the warrant itself is genuine — that is, was not forged, but made by the parties by whom it purports to have been made — simply because the county did not owe him anything when the warrant was issued; that because the defendant fraudulently presented a claim to the board of county commissioners, which was allowed, and a warrant issued thereon, he is guilty of forgery. The language of the statute is, "falsely make, or cause or procure to be falsely made." The defendant did not make the warrant, and the warrant was not falsely made by any person or authority; hence the defendant did not cause or procure the warrant to be falsely made, and his conduct, therefore, did not amount to forgery.

It is intimated by the state in its brief that the defendant cannot be punished at all unless for forgery under this statute. That is wholly immaterial so far as the question presented to this court is concerned. We hardly think, however, that if the defendant made out and swore to a fictitious claim against the county of Kearny, and presented the same to the county board, and procured its allowance by it, and then procured a warrant to issue therefor, our statutes are so barren of remedies as to furnish none in such a case. We think the motion to quash was properly sustained. It is therefore recommended that the judgment of the district court thereon be affirmed.

By the Court: It is so ordered.

All the Justices concurring.

*Per Curiam:* We are satisfied with the law declared in the former opinion handed down, (*ante*, p. 207.) See, also, *Mann v. People*, 15 Hun, 155, and the numerous decisions cited therein; the same case in 75 N. Y. 484. In that case it was said:

"A county officer, who without authority has executed in his own name, as the official representative of the county, an instrument purporting in its body to be the contract or obligation of the county, cannot be convicted of forgery."

(*The State v. Willson*, 28 Minn. 52; *The State v. Young*, 46 N. H. 266.)

We have examined *Ex parte Hibbs*, 2 Fed. Rep. 421; *Luttrel v. The State*, 85 Tenn. 232, also all the other cases cited on the part of the state. So far as these cases conflict, if in any way they do conflict, with the former opinion, we are not inclined to follow them.

The motion for a rehearing will be overruled.