THE PEOPLE OF THE STATE OF NEW YORK, Plaintiffs in Error, v. HENRY A. MANN, Defendant in Error.

A county officer who without authority has executed in his own name, as the official representative of the county, an instrument purporting in its body to be the contract or obligation of the county, cannot be convicted of forgery.

It is not an instrument "being or purporting to be the act of another" within the meaning of the provision of the Revised Statutes (2 R. S., 673, § 33), defining forgery in the third degree; the "act" referred to is the making of the instrument, and the offence consists in making an instrument purporting to be made by another.

(Argued December 4, 1878; decided December 17, 1878.)

ERROR to the General Term of the Supreme Court, in the third judicial department, to review order reversing a judgment of the Court of Oyer and Terminer in and for the county of Washington, entered upon a verdict convicting defendant in error of the crime of forgery in the third degree. (Reported below, 15 Hun, 155.)

The alleged forgery consisted in the execution by defendant in error of an instrument of which the following is a copy :

"No.— SARATOGA COUNTY TREASURER'S OFFICE, BALLSTON SPA, *June* 16, 1875.

"In pursuance of a resolution passed November, 1874, by the board of supervisors of Saratoga county, the county of Saratoga promises to pay at the Saratoga county treasurer's office, on or before the 15th of February, 1876, to the First National Bank of Ballston Spa, or bearer, $10,000, at seven per cent interest, value received.

"$10,000. HENRY A. MANN, *Treasurer.*"

The accused was at the time of the execution of said instrument county treasurer of Saratoga county; it was discounted by the payee and proceeds received by him; he had no authority to make or issue the instrument.

*Esek Cowen*, for plaintiff in error. The defendant in error was properly indicted and convicted of the crime of forgery in the third degree. (*Noakes* v. *People*, 25 Wend., 380, 384; *People* v. *Stearnes*, 21 id., 409 ; 23 id., 637 ; *Queen* v. *Ritson*, L. R. [1 C. C.], 200; *People* v. *Graham*, 6 Park. Cr., 135; *Rex* v. *Parkes*, 2 East P. C., 963; *Barfield* v. *State*, 29 Ga., 127 ; *People* v. *Peacock*, 6 Cow., 72.)

*Nathaniel C. Moak*, for defendant in error. The instruments signed by defendant in error were not valid if he was not authorized to sign them. (*Suprs. Rens. Co.* v. *Bates*, 17 N. Y., 242; *Donovan* v. *Mayor, etc.*, 33 id., 293; *Blackwell* v. *Ketchum*, 53 Ind., 184, 186; *Silliman* v. *Fredericksburgh, etc.*, 27 Grat. [Va.], 120.) He was not guilty of forgery in signing them. (2 R. S., 673, § 33; 2 Edm. Stat., 693; 2 Russ. on Crimes [9th Am. ed.], 942, 946–947; *Queen* v. *White*, 1 Den. C. C., 208; 2 Cox Crim. Cas., 210, 214, 215; 2 Car. & Kir., 404; *Maddock's Case*, Russ. on Crimes, 499; *Rex* v. *Arscott*, id., 513; 1 Den. C. C., 210; 2 East P. C., 856; 1 Leach, 229; *Meade* v. *Young*, 4 T. R., 28; *Rex* v. *Arscott*, 6 C. & P., 408, 411; *Rex* v. *Story*, R. & R., 81; *Reg.* v. *Watts*, 3 B. & B., 197 [7 E. C. L. R.]; R. & R., 436; 2 Bishop's Cr. Law [7th ed.], § 582; 2 Whart. Cr. Law [7th ed.], § 1432; 2 Arch. Cr. Pr. & Pl. [7th ed.], 819; id. [Pomeroy's 8th Am. ed.], 1584; 24 and 25 Vict., chap. 98, § 24; Cox & Saunders' Crim. Acts, 156; 2 Russ. on Crimes [4th Am., 9th Eng. eds.], 941; *Conner's Case*, 3 City Hall Rec., 59; *Heilbonn's Case*, 1 Park. Cr., 429, 433–434; *Schuyler's Case*, 17 N. Y., 592; Laws 1855, chap. 155, p. 236; 3 R. S. [6th ed.], 946, §§ 49, 50; *Comm.* v. *Baldwin*, 11 Gray, 197, 199, 200; *State* v. *Young*, 46 N. H., 266, 269, 270; *Reg.* v. *Ritson*, 1 L. R. C. C., 203–204; Bacon's Abr., tit. Forgery, *a;* Comyn's Dig., id., 1.) If the instruments were not valid on their face no forgery in relation thereto could be committed. (*People* v. *Shall*, 9 Cow., 778; *Cunningham* v. *People*, 4 Hun, 455; *People* v.

*Harrison*, 8 Barb., 560; *Vincent* v. *People*, 5 Park., 88; 15 Abb., 234; *De Bow* v. *People*, 1 Denio, 9; *People* v. *Galway*, 17 Wend., 540; *People* v. *Wilson*, 6 J. R., 320; *Corn* v. *Hinds*, 101 Mass., 209; *Vance* v. *Schuyler*, 6 Ills., 160; *Conner's Case*, 3 City Hall Rec., 59; *Falkner's Case*, id., 65, 69, 70; 1 Bish. Crim. Law [6th ed.], § 148; 2 id., §§ 533, 544; 4 Cent. Law Jour., 529; Waterman's Crim. Dig., 200, §§ 40, 44.)

RAPALLO, J. The statute under which the defendant in error was convicted defines the offence of forgery in the third degree to be, so far as applicable to this case, falsely making or altering, with intent to defraud, any instrument or writing " being or purporting to be the act of another " whereby any pecuniary demand shall be or purport to be created, etc.

We cannot adopt the interpretation of this statute claimed by the counsel for the People. He contends that one who without authority makes an instrument purporting in its body to be the contract or obligation of a county, though he signs his own name to it as the official representative of the county, comes within the purview of the act. That the words " purporting to be the act of another " are synonymous with " purporting to be the contract or obligation of another." We think that the " act " referred to in the statute is the making of the instrument, and that the offence consists in falsely making an instrument purporting to be made by another. The offence intended to be defined by the statute is forgery, and not a false assumption of authority. One who makes an instrument signed with his own name, but purporting to bind another, does not make an instrument purporting to be the act of another. The instrument shows upon its face that it is made by himself and is in point of fact his own act. It is not false as to the person who made it, although by legal intendment it would, if authorized, be deemed the act of the principal, and be as binding upon him as if he had actually made it. The wrong done, where such an instrument is made without authority, consists in the false

assumption of authority to bind another, and not in making a counterfeit or false paper.

Suppositious cases have been ingeniously suggested for the purpose of showing that unless the construction claimed is adopted, forgeries of corporate names and of the names of joint stock companies might not be reached by the statute. It will be time to deal with those cases when they arise. It is sufficient for the purposes of the present case that the instrument which the defendant is charged with having forged purports on its face to have been made by himself, and not by any other person.

The judgment of the General Term should be affirmed.

All concur, except HAND, J., not voting.

Judgment affirmed.