## SANTOLINI v. STATE.

CRIMINAL LAW — FORGERY — INFORMATION — EVIDENCE — VARIANCE.

1. An information for forgery is good which, after laying the venue and alleging the time and place of the commission of the offense, charges that the defendant " did feloniously pass, "as true and genuine, a certain forged bank check purporting "to be the check of G. W. Edwards, payable to the order of "William Colbers, for the sum of forty-five dollars, he, the said "Felice Santolini, at the time he passed said check, well know-"ing said check to be forged, with intent to defraud the said "John Slaviero," the latter being the person to whom the instrument was passed.

2. The failure to state the name of the bank drawee does not render the information bad.

3. In an indictment or information for forgery, or for uttering forged paper, or for passing the same, it is not necessary to set out any indorsements thereon to show the instrument to be of apparent legal efficacy ; it is sufficient to charge that it is a forged writing, was uttered or passed with knowledge of the forgery and with intent to defraud.

4. A conviction for forgery will not be set aside on account of the fact that although the forged check was made payable to William Colbers, a person unknown, it purported to be indorsed by William Casber, but who, in fact, had not indorsed it.

5. The instrument being a forgery, the fact is not material that it was not properly indorsed so as to pass title by mere delivery.

6. Where the information charged that the forged check purported to be the check of "G. W. Edwards," and it was in fact signed "G. W. Ewareeds," but the accused, as shown by the evidence, represented the check to be that of Edwards, and it was passed as such; the question of variance being raised upon the introduction of the check in evidence, held, that the difference between the names is not so marked as to render it a palpable variance as a matter of law to be determined by the court.

7. The court may decide such matter of variance when the names are so nearly alike as to be clearly *idem sonantes*, and may also pass upon the question when there is an unmistakable variance, and in the latter case exclude the instrument from the jury or direct an acquittal.

8. Such a variance must be material to the merits of the case or prejudicial to the defendant to require the disturbance of a verdict of conviction.

9. The question of variance in this case was one for the jury, and it would have been error to have refused an instruction if requested to acquit if the name signed to the check was not *idem sonans* with Edwards.

10. As no such instruction was requested, the accused can not complain of its omission, and as the jury passed upon the matter under general instructions as to evidence it can not be said that there was error in the verdict, the variance not being in itself a fatal one.

[Decided November 19, 1895.  Information filed in District Court September 24, 1894.]

Error to the District Court for the County of Sweetwater, Hon. Jesse Knight, Judge.

The plaintiff in error was informed against under Section 924 of the Rev. Stat., 1887. The charging part of the information was as follows: "That Felice Santolini * * * on the thirteenth day of September, "A. D. 1894, at and in the county aforesaid did feloniously "pass as true and genuine to John Slaviero a certain "forged bank check, purporting to be the check of G. W. "Edwards, payable to the order of William Colbers for the "sum of forty-five dollars, he, the said Felice Santolini at "the time he passed said forged check well knowing said "check to be forged with the intent to defraud the said "John Slaviero, etc."

To the information the defendant interposed a demurrer on the ground "That the facts stated in said information "do not constitute an offense punishable by the laws of "this State." The court overruled the demurrer, to which ruling the defendant excepted.

Upon the trial of the cause, the court over the objection of the defendant admitted the check in evidence, to which the defendant excepted.

The court over the objection of the defendant admitted in evidence the testimony of the witness G. W. Edwards, as to the indorsements on check to which the defendant excepted. The defendant moved to strike out the testimony of Edwards " For the reason that it is not shown "that the check offered and shown him has his name signed "to it, and it is not signed, G. W. Edwards." The court overruled the motion to strike out and the defendant excepted. It appeared by the evidence that on the 13th day of September, 1894, the accused met in Rock Springs a man by the name of John Slaviero, and obtained from him $16 and a promise of the balance of a forty-five dollar check, by passing to said Slaviero a check for $45, representing it to be the check of one G. W. Edwards, a man well known in that community, and whose check was known to be good. Upon production of the check at the trial it appears that the signature of the supposed maker was " G. W. Ewareeds." The other facts are stated in the opinion.

The jury returned a verdict of guilty against the defendant. The defendant filed his motion for a new trial, alleging as grounds:

1. The verdict is not sustained by sufficient evidence because there is no evidence that the check was a forgery and that the defendant knowingly passed the same. 2. The court erred in admitting the testimony of the witness, G. W. Edwards, as to indorsements on the back of the check. 3. The court erred in admitting the check in evidence. 4. The court erred in refusing to strike out the testimony of the witness G. W. Edwards.

The court overruled the motion for a new trial, to which ruling the defendant excepted. The defendant filed his motion in arrest of judgment, alleging the same grounds as in the demurrer, and the court overruled the same, to which ruling the defendant excepted.

*Mail & Chiles*, for plaintiff in error.

A bank check is a negotiable instrument, and as such, if payable to order, is transferable on the written order of the payee. (Laws 1888, p. 146.) Any paper to be the subject of forgery must be of some apparent legal efficacy. And the same rule is true of the uttering or passing of a forgery. (Clark's Cr. L., 297; 2 Bish. Cr. Proc., 3d Ed., 400; 2 Bish. Cr. L., 6th Ed., 524, 533, 538, 341, 545; 1 Whart. Cr. L., 9th Ed., 739; Haslip v. State, 10 Neb., 590; Com v. Dallinger, 118 Mass., 439; Rembert v. State, 53 Ala., 467.) There is no evidence that the name signed to the check bore any such resemblance to the name of Edwards as to deceive any one. There is no evidence that the accused knew the check to be forged, and knowledge of the forgery is a material averment, and must be proved in order to sustain a conviction of the crime of passing a forged instrument.

The court erred in admitting the testimony of Edwards as to any indorsements on the back of the check. The variance between the information and proof as to the name signed to the check was fatal. (8 Am. & Eng.

Ency., L., p. 505; Whart. C. P., 8th Ed., 116; Whart. Cr. Ev., 9th Ed., 94; 1 Bish. Cr. Proc., 3d Ed., 677; Westbrook v. State. 23 Tex. App., 401; English v. State, 30 id., 470.)

*Benjamin F. Fowler,* Attorney-General, for the State. Uttering a forged instrument is a felony distinct from forgery. (People v. Rathbun, 21 Wend., 534.) Where the instrument, if uttered, would create an obligation against the party whose name is signed, the forgery is complete. (Dixon v. State (Tex.), 26 S. W., 501.) The supposed variance amounts to no more than a misspelling of the name. To constitute forgery, it is sufficient if there be a bare possibility of imposing on another with the forged instrument. Nor is it necessary that it be intelligently written. (State v. Gryder, 44 La. Ann.; Whart. Cr. L., 1444 G.; Bish. Cr. L., 592.) It is not necessary that there should be such a resemblance to the signature forged as to deceive a careful person. (State v. Ferguson, 35 La. Ann., 1042; State v. Ford, 38 id., 497; State v. Bennett, 19 id., 395; Gooden v. State, 55 Ala., 178; U. S. v. Turner, 7 Pet., 132; 2 Bish. Cr. Pro., 400; 1 Whart. Cr. Dig., 695, 473; State v. Gillette (Mo.), 26 S. W., 354; State v. Warren (Mo.), 19 S. W. 191; Parker v. People, 97 Ill., 32; Garmire v. State, 104 Ind., 444.) To utter and publish an instrument alleged to be forged, is to declare, directly or indirectly, by words or actions, that it is good. (Folden v. State, 13 Neb., 328; People v. Caton, 25 Mich., 388; State v. Calkins, 73 Ia., 128. See also Smith v. State, 20 Neb., 284.)

Mail & Chiles, for plaintiff in error, in a reply brief cited the following additional authorities. (Rev. Stat., 924; State v. Malish, 15 Mont., 506; State v. Dunn, 23 Ore., 562; State v. Evans, 15 Mont., 539; 8 Am. & Eng. Ency., L., 457, 461, 494; Barnum v. State, 15 O., 717; 1 Bish. Cr. L., 748; Clark's Cr. L., 119; 1 Whart. Cr. L., 680, 739; Carder v. State (Tex.), 31 S. W., 678; Rollins v. State, 22 Tex., App. 548; Brown v. People, 86 Ill., 239; Peo-

ple v. Harrison, 8 Barb., 560; Hendricks v. State, 26 Tex. App., 176; Rood v. State, 5 Neb., 174; Raymond v. People, 2 Colo. App., 329; Powell v. Com. (Ky.), 9 S. W., 245; Humbard v. State (Tex.), 17 S. W., 126; Neiderluck v. State (Tex.), 17 S. W., 467; 3 Greenleaf, 108; Rapalje Cr. Proc., 83; 16 Am. & Eng. Ency., L., 122, 126; 23 id., 2; State v. Gullett, 121 Mo., 447.)

Groesbeck, Chief Justice.

The plaintiff in error was convicted of the crime of forgery in the district court for Sweetwater County, and on October 12, 1894, was sentenced thereunder to be imprisoned in the penitentiary for the term of four years. The uttering of forged paper knowing it to be forged with intent to defraud is denominated forgery by our statute, and is included in the statutory definition of the crime. The information, after laying the venue and alleging the time and place of the commission of the offense, charges that the defendant below "did feloniously pass, as true and genuine, a certain forged bank check purporting to be the check of G. W. Edwards, payable to the order of William Colbers, for the sum of forty-five dollars, he, the said Felice Santolini, at the time he passed said check, well knowing said check to be forged, with intent to defraud the said John Slaviero." A demurrer was filed to this information on the ground that the facts stated therein do not constitute an offense punishable by the laws of this State, and this demurrer was overruled. Forgery by our statute in general terms is the false making or altering of certain written instruments therein set out at length, including checks, drafts, bills of exchange, and promissory notes, with intent to damage or defraud some person, either natural or artificial, and also the uttering, publishing, or passing any of the said false instruments, knowing the same to be false, forged, or counterfeited, with the like intent to defraud. Rev. Stat., Sec. 924. Our criminal code is very liberal in its provisions relating to the construction of indictments, the rules of which apply

by express statutory provisions to informations. An indictment or information is not invalidated by any defect or imperfection therein which does not tend to the prejudice of the substantial rights of the defendant, or by want of any allegation or averment of any matter not necessary to be proved, nor by any surplusage or repugnant allegation when there is sufficient matter alleged to indicate the crime or person charged. Rev. Stat., Sec. 3244; Sec. 13, Ch. 59, Sess. Laws 1890–91; Sec. 13, Ch. 123, Sess. Laws 1895. "In any indictment (or information) for falsely making, altering, forging, printing, photographing, uttering, disposing of, or putting off any instrument, it shall be sufficient to set forth the purport and value thereof." Rev. Stat., Sec. 3247. Under the rules of the common law, indictments for forgery must contain the tenor of the instrument, that is, the instrument verbatim is required to be set forth, except where it has been destroyed by the defendant or is maintained in his possession, and perhaps in other cases where the instrument can not be produced and where there is no laches on the part of the prosecution, but in every case where the instrument is not set out in full, the reason for the omission is to be given. An exact copy is required under this rule in order that the court might be able to determine on the face of the indictment whether the instrument is one the false making of which can constitute forgery. Clark's Crim. Proc., 206; 2 Bish. Crim. Proc., 403. But in a recent case the allegations of an indictment similar to those of this information, omitting the name of the bank on which the check was drawn and setting out the purport of the instrument only, were held good at the common law, as the instrument was designated as a "check" and stated the name of the drawer and payee, and the sum for which it was drawn; and the court held that it appeared to be drawn on some bank or banker as certainly as though the name thereof was given, for without a drawer the instrument could not be a check. State v. Curtis, 37 Minn., 357. The dissenting members of the court said that it was the universal

rule at common law in such an indictment to set out the writing "either" by its tenor or purport, so that it would appear, if true, to be of some legal efficacy, and in order that the court might see whether it falls within the act or law on which the prosecution is founded. The instrument was called a "check" in the indictment, but it was not alleged to have been drawn on anybody, and so the dissenting judges thought it had no legal efficacy and could not be subject to an indictment for forgery. They further state that it would be wise policy for the legislature to change the law as had been done in England, by providing that the instrument be described simply by the name by which it is usually known, as a note, bill of exchange, or check, without further description. At the common law, the indictment generally set forth the purport clause, which was followed by the tenor clause wherein the instrument or writing was set forth in *haec verba;* and the pleader was cautioned to allege nothing more in the purport clause than the legal effect or designation of the instrument, in order to avoid a possible variance or repugnancy between the clauses. Our statute requires that the purport and value of the false writing to be set out, and this latter term is held not to be used in this connection in the sense of the worth of the instrument in money, but in the sense of the effect the instrument is intended to accomplish, and hence as the synonym of "effect" or "import." Chidester v. State, 25 O. St., 438. The rigid rules of the common law pleading in criminal matters have been relaxed by Lord Campbell's Act and kindred legislation in Great Britain, and our statute follows in the wake of British legislation on the subject.

The information is not bad for the reason that the name of the bank drawee is not stated. This point was not raised by counsel for plaintiff in error as his contention was upon the other ground, that the check described in the information was not of legal efficacy, without an indorsement, and could not be passed without such an indorsement. In forgery it was never necessary to set

forth the indorsement of the forged paper in the indict-
ment as the indorsement is no part of the instrument.
Clark's Crim. Proc., 209, and cases cited; Wharton's Cr.
Pl. and Pr., 180; Wharton's Crim. Law, 733. The early
cases in Massachusetts, cited, clearly support this view.
Com. v. Ward, 2 Mass., 397; Com. v. Adams, 7 Metcalf,
50. In the last-cited case the defendant was indicted for
uttering and publishing as true a certain forged promissory
note, with intent to defraud the persons to whom it was
passed, knowing the same to be forged. The defendant
objected to the sufficiency of the note produced to support
the indictment, and objected to its being given in evidence
to the jury, on the ground of variance. The objection
was overruled, and the note was permitted to go to the
jury, who found the defendant guilty. The court said in
review of the case : "In an indictment for forgery it is
necessary, undoubtedly, to set out truly the instrument
alleged to be forged. And so it was done in the present
indictment, unless the indorsement of the payee is consid-
ered as part of the note; and we are clearly of the opinion
that it is not. The indorsement is evidence of the transfer
of the note to the defendant, which was a new contract.
This was matter of evidence in support of the allegation
that the note was uttered, with an intention to defraud the
persons named in the indictment; but it is not necessary
to set forth the manner in which a party was intended to
be defrauded." The uttering of a forged instrument is
complete when offered, and it makes no difference whether
it was then indorsed by the payee or not. Smith v. State,
20 Neb., 288. A promissory note which is forged may be
uttered and published with knowledge of its character, and
with intent to defraud, even where the name of the payee
is left blank. Harding v. State, 54 Ind., 359; Contra
Williams v. State, 51 Ga., 535. An instrument falsely
made with the intent to defraud is a forgery, although if
it had been genuine, other steps must be taken before the
instrument would be perfect. Com. v. Costello, 120
Mass., 358. The accusation must show that the instru-

ment is one having some legal effect, but it is. not necessary that it should be shown to be a perfect instrument. Garmire v. State, 104 Ind., 444, citing 2 Bish. Crim. Law, Sec. 536, and Reed v. State, 28 Ind., 396.

No matter how defective may have been the forgery, it is enough if there be a possibility of fraud. Even though a bill could only be negotiated by the indorsement of two payees, the false making of the indorsement of one of them is a forgery. 1 Wharton Crim. Law, 695, 742. The fact that no person is at the time legally in a situation to be defrauded is no defense if there is a possibility of fraud. Id., 714. The false writing must be such that it "might" injure another. People, v. Monroe, 100 Cal., 664. According to Mr. Bishop: "Forgery is the making of a false writing, which, if genuine, would apparently be of some legal efficacy." It does not seem from the authorities that it is necessary either in any indictment for forgery, or for uttering forged paper, or for passing the same, to set out any indorsements thereon, to show the instrument to be of apparent legal efficacy; it is sufficient to charge that it is a forged writing, was uttered or was passed with knowledge of the forgery, and with intent to defraud. The demurrer to the information and the motion in arrest of judgment were properly overruled.

2. The proof shows that the check was made payable to the order of William Colbers or to him, and purported to be indorsed by William Casber. The indorsement was not that of Casber, as his employer, C. W. Edwards, testifies. Colbers does not appear to be known. It is asserted that these facts make the instrument defective and of no legal efficacy, the payee of the check purporting to be one person and the indorser another; so that notwithstanding the fact that the instrument was transferred by delivery, it could not be legally effective, and could deceive no person, but this seems to be the narrow view. A forgery might be so planned by an ingenious swindler as to bear all the appearance of genuineness, be correct in form, and yet be made intentionally so lacking in indorse-

ments and strict legal validity as to be well calculated to deceive. It is sufficient if the instrument bears such a resemblance to the document it is intended to represent as to effectually deceive. Garmire v. State, 104 Ind., 444; State v. Ferguson, 33 La. Ann., 1042. The instrument being a forgery, it matters not that it was not properly indorsed as to pass title, with the parting of its possession. It was represented to be the check of Edwards, and it was not. The defendant must have known this, and the jury so found. It is fair to presume that the payee was a fictitious person, as he seems to be unknown, and as the indorsement was made in the name of another person. A negotiable instrument made payable to the order of a person obviously fictitious is payable to bearer. Ch. 70, Sess. Laws 1888, Art 2, Ch. 1, Sec. 15. If so, this instrument would have been of real as well as of apparent legal efficacy if genuine, without any indorsement.

Even without the indorsement, the writing would have been held by Slaviero, to whom it was passed, for the money he advanced upon it, as against all but the true owner, if it were genuine. The indorsement may be proved to show the fraudulent intent, and if that exists, without proof of the proper indorsement, this is sufficient.

3. The check offered in evidence against the objection of the plaintiff in error appears to be signed "G. W. Ewareeds" instead of G. W. Edwards. It is claimed that this is a fatal variance, as the information does not allege any extrinsic facts showing that the instrument, although signed differently, was represented to be the check of Edwards.

The evidence, which was that of the prosecution alone, the defendant offering none in his behalf, shows that the plaintiff in error asserted that the check was that of Edwards, with whom he claimed to have had dealings, passed it to Slaviero as such, and obtained thereon the sum of sixteen dollars, with the understanding that the residue would be called for the next day. Edwards testified that the check was not his, that the signature appended to

it was not his signature, and that his name was misspelled. On cross-examination, he stated that the name signed to the check was not his name. The payee of the check, William Colbers, was not known to him, but William Casber was his sheep foreman, and the indorsement of the name of the latter on the check was not the signature of Casber. The check was not presented for payment to the bank on which it was drawn, for the reason that Slaviero, to whom it was passed and who advanced money on it, ascertained some hours after he had taken it that it was not good. We do not think that the court should have excluded the check from the evidence. Edwards treated it as an attempted forgery of his name, until requested to spell the signature to the check, and Slaviero testifies that the name looked like that of Edwards. Had the court been requested to instruct the jury that, if the name were not *idem sonans* with Edwards, they should acquit, it would have been error not to give such an instruction. State v. Warren (Mo.), 19 S. W., 191. It would have been proper for the court to so charge the jury without any request, but the plaintiff in error can not complain of the omission of such an instruction when he did not request it. It was, under the circumstances, a matter for the jury to pass upon, and as they did so under general instructions as to evidence, it can not be said that there was error in the verdict. The question is raised only upon the introduction of the check in evidence. The difference between the names is not so clear and marked as to render it a palpable variance as a matter of law to be determined by the court. It seems that the court may decide the matter of variance when the names are so nearly alike as to be clearly *idem sonantes*, and may also pass upon the question when there is an unmistakable variance and in the latter case exclude the instrument from the jury or direct an acquittal. Clark's Crim. Proc., 343; 1 Bishop's New Crim. Proc., 688. The name to the check may have been written so obscurely as to deceive any person of ordinary prudence and observation, and the

resemblance between the names may have been so close as to lead the jury to believe that the variance could not have been detected only upon the closest scrutiny. In the case of Abbott v. State, 59 Ind., 70, a forged order was signed Elirere Lowtrheiser, and this signature was charged by apt averments in the indictment to have been represented to be the name of Ezra Loutzenheiser. The judgment was reversed on the ground that parol evidence could not be introduced to show that the signature was that of the latter person, because the characters could not be construed to constitute the name with which the defendant was charged as forging, and further because the writing did not purport to be signed by the latter and did not contain either his Christian name or his surname. Here the initials of the names are the same. There are a great number of decisions bearing upon this question, some of which are cited in late works on criminal procedure. Clark Crim. Proc., 341; 1 Bish. New Crim. Proc., 688; People v. Fick (Cal.), 26 Pac., 759; Peete v. State, 2 Lea (Tenn.), 513; State v. Potts, 9 N. J. L., 41; Langdon v. People, 133 Ill., 382; Parker v. People, 97 id., 32; Com. v. Warren, 143 Mass., 568; Com. v. Gill, 14 Gray, 400; State v. Gryder, 44 La. Ann., 962. In many of these cases a variance like the one presented here would not be deemed to be fatal. Such a variance must be material to the merits of the case or prejudicial to the defendant under the terms of our statute. Rev. Stat., 3245. We have merely a typewritten copy of the instrument before us, and can not tell therefore what might have been determined by its inspection, whether the signature was so close a resemblance to the one attempted or not as would deceive a person of ordinary observation. Hess v. State, 5 Ohio, 8; Turpin v. State, 19 O. St., 540. As the matter was properly submitted to the jury, and no instruction asked upon the point of variance, there appears to be no prejudicial error. The check before us does not appear to be payable to the order of any one, but is made payable to William Col-

bers, omitting the words "or order;" but we assume that this is a clerical error in the typewritten copy in the record, as counsel for plaintiff in error treats the writing as payable to the order of the person named, and raises no objection upon this point. We have therefore disregarded it, and express no opinion upon that matter. We have examined the case very carefully owing to the fact that counsel for plaintiff in error has presented the case upon a very full brief, and, as the record shows, gratuitously. But we think that, although the information might have been framed so as to exclude any controversy, and the evidence presented in better shape, there was no prejudicial error. The judgment of the district court for Sweetwater County is therefore affirmed.

*Affirmed.*

CONAWAY and POTTER, JJ., concur.