The appellant was indicted and convicted for forgery. The trial court fixed sentence at ten years in the penitentiary. The appellant has been represented by retained counsel at all stages of the proceedings both at trial and before this court.
This appeal presents two questions for our consideration: (1) In a prosecution for forgery of a check must the state prove that the accused was not authorized to sign the name that appears on the check and (2) what is the proper predicate for the admission of a bank signature card into evidence.
The facts are not in dispute. On June 28, 1976, the appellant wrote a check for eight dollars and forty-eight cents to Campbell's Outlet Factory, Muscle Shoals, Alabama, for a pair of bluejeans. The check was on *Page 877 
the account of Mr. and Mrs. Wesley N. Nixon. The appellant signed the name of Wesley Nixon to the check.
The state proved that the appellant actually wrote the check signing it "Wesley Nixon". The state also produced the operations manager of Central Bank, Quad City Operation Center, who testified that the signature ("Wesley Nixon") on the check and the account signature card ("Wesley N. Nixon") were not the same because of the absence of one initial.
Wes Nixon did not testify and the state offered no proof to show that the defendant was not authorized to sign the name of Wesley Nixon on the check. The appellant did not testify nor offer evidence on his behalf.
 I
The initial argument of the appellant is that the crime of forgery was not proved because there was absolutely no testimony or other evidence to show that the defendant was not authorized to sign the name of Wesley Nixon on the check.
In general the essential elements of the offense of forgery are: (1) A writing of such a nature that is a possible subject of forgery; (2) which writing is false; and (3) was made with the intent to defraud. Perkins, Criminal Law 341 (2nd Ed. 1969).
The essence of forgery is an intent to injure or defraud when the act is done. McDonald v. State, 83 Ala. 46, 3 So. 305
(1887); Hall v. State, 31 Ala. App. 455, 18 So.2d 572, cert. denied, 245 Ala. 671, 18 So.2d 574 (1944).
The appellant's motion for a directed verdict was due to be given.
 "Forgery is not established by the bare fact that one man has signed the name of another to a writing having apparent legal significance because the signing (1) may have been authorized, in which case the writing is not false, or (2) though unauthorized may have been in the bona fide belief in the existence of such authority, in which case, although the writing is actually false, it was prepared without an intent to defraud." Perkins at 352.
See also: 2 Wharton, Criminal Law (1957) Sections 624-626, pp. 400-403. Because the state, in a prosecution for the forgery of a check, failed to prove that the check was false by not offering any evidence that the accused was not authorized to make the check, this case is due to be reversed. The absent proof may be supplied by the testimony of Wesley Nixon that he did not authorize the appellant to write or sign the check. In a criminal case the burden of proof is upon the state to establish every element of the crime charged. The burden is never on the defendant to establish his innocence.
The appellant was indicted for forgery in that he did, "with intent to injure or defraud, alter, forge, or counterfeit a certain check" or "with the intent to injure or defraud, did utter and publish as true the said falsely altered, forged or counterfeited check, knowing the same to be so altered, forged or counterfeited". The jury returned a general verdict finding the defendant "guilty as charged". In a prosecution for uttering a forged check the burden is upon the state to establish the fact that the defendant was not authorized to make or sign the check. Owens v. State, 16 Ala. App. 413,78 So. 423 (1918). Thus the evidence was insufficient to support a conviction of forgery or uttering of forged instrument.
We pretermit a ruling on the propriety of the admission of the signature card as a handwriting exemplar as this issue is not likely to arise on the retrial of the appellant when Mr. Nixon's testimony is presented.
For the stated reason this case is
REVERSED AND REMANDED.
All Judges concur. *Page 878