**Floyd W. DIXON, Appellant (Defendant below),**

v.

**Robert E. WILLIAMS, Appellee (Plaintiff below).**

**No. 4911.**

Supreme Court of Wyoming.

Sept. 28, 1978.

Steve D. Noecker of Johnson & Noecker, Rawlins, signed the brief and Rebecca Noecker, senior law student, appeared in oral argument on behalf of appellant.

Gerald K. Russell of Russell, Greenhawt & Rummel, Rawlins, signed the brief and Charles E. Greenhawt, Rawlins, appeared in oral argument on behalf of appellee.

Before GUTHRIE, C. J., and McCLINTOCK, RAPER, THOMAS and ROSE, JJ.

RAPER, Justice.

This appeal arises from a judgment of the district court, sitting without a jury, validating and enforcing a corporate buy-sell agreement entered into between defendant-appellant and plaintiff-appellee. Defendant claims:

1. That as a matter of law, the trial court erred in ruling there was a valid and legal contract, plaintiff's contractual promise to refrain from instituting any civil or criminal action against defendant regarding the checks written by defendant rendering the contract illegal as against public policy;

2. That plaintiff's contractual promise to refrain from instituting any criminal action against defendant renders the agreement illegal as an agreement to compound a felony in violation of § 6-8-203, W.S.1977;

3. That the agreement constitutes an entire, indivisible contract, therefore the illegal consideration clause is not

severable and renders the entire contract void.

We shall affirm.

Plaintiff and defendant incorporated the Ace Construction Company, Inc., Rawlins, Wyoming with plaintiff and defendant the sole shareholders. Approximately a year later, in accordance with the right-of-first-refusal provision contained in the articles of incorporation, an offer to sell was presented by the plaintiff to the defendant, all of the terms of an agreement of purchase and sale orally reached, and a purchase price of $5,000.00 (plaintiff's initial investment in the corporation) agreed upon. On the 12th of July, 1975, a meeting was held between plaintiff and defendant at which particulars of the buy-sell agreement were ironed out and an instrument finalized setting out their contractual responsibilities. Defendant agreed:

1. To pay Five Thousand Dollars ($5,000.00);
2. To hold plaintiff harmless on account of any corporate liabilities incurred during plaintiff's association with Ace Construction Company;
3. To consent to the removal of the plaintiff's personal guarantee of the corporate loan from the bank.

Plaintiff agreed:

1. To submit his resignation as an officer and director of the corporation;
2. To execute an assignment to defendant of four thousand shares of stock in the Ace Construction Company;
3. To obtain the bank's release of the four thousand (4,000) shares of stock which were pledged as security for plaintiff's personal note;
4. To pay Five Thousand Dollars ($5,000.00) to the bank.

The following day plaintiff and defendant met at a Rawlins service station to sign the written contract. At that time, at the sole request of defendant and with the consent of plaintiff, a provision was added to the agreement stating that plaintiff would "not institute or file any civil or criminal actions against Dixon regarding any checks previously written by Dixon." For sometime previous the defendant had been signing plaintiff's name to checks drawn on the corporate account and used to pay perfectly proper corporate debts. When defendant failed to pay the $5,000.00 as agreed, plaintiff started this action for recovery.

To support the claim that the contract in question constitutes an agreement to suppress the investigation and prosecution of criminal activity and is thus illegal as against public policy, defendant takes the somewhat unusual position of asserting that his conduct in signing plaintiff's name to the checks involved constituted the crime of forgery. In Wyoming the crime of forgery is a specific statutory crime, one which has been generally found to be comprised of three elements, the most important of which for our purposes is an intent to defraud.[1]

■ Forgery requires that there be a false making or alteration of some instrument in writing, a fraudulent intent, and the instrument must be capable of effecting a fraud. *State Board of Law Examiners v. Goppert,* 1949, 66 Wyo. 117, 205 P.2d 124, 135. See as well, *Santolini v. State,* 1895, 6 Wyo. 110, 42 P. 746; *State v. Thrunk,* 1978, 157 N.J.Super. 265, 384 A.2d 906; *Finney v. State,* Ala.Crim.App.1977, 348 So.2d 876, cert. den. *Ex parte State ex rel. Attorney General,* Ala.1977, 348 So.2d 878; *United States v. Dyer,* 7th Cir. 1976, 546 F.2d 1313 (forgery at common law required proof of fraudulent intent). In this appeal, not only does the record lack any evidence whatsoever of an intent on the part of defendant to defraud, it in fact indicates exactly the contrary; that the checks written by the

---

1. Section 6–2–101, W.S.1977:

     "Every person who shall falsely make, alter, forge or counterfeit * * * with intent to damage or defraud any person or persons, body. politic or corporate, whether the said person or persons, body politic or corporate reside in or belong to this state or not * * shall be deemed guilty of forgery, and upon conviction thereof shall be punished by confinement in the penitentiary for a term not more than fourteen (14) years."

defendant and signed with plaintiff's name were used to pay legitimate corporate debts arising from the daily operations of the corporation itself. Nowhere is it even hinted, much less alleged that defendant pursued his course of action with an intent or desire to defraud anyone. With such evidence, there is no way to infer an intent to defraud. *State v. Grider,* 1955, 74 Wyo. 88, 284 P.2d 400, reh. den. 74 Wyo. 111, 288 P.2d 766. Absent the required element of fraudulent intent, there is no crime or criminal activity established. Plaintiff's agreement thus could not be found to render the buy-sell agreement void on the ground that the crime of forgery had been committed. Under these circumstances, in which innocence is so apparent and the offending consideration was included in the agreement only upon the demand of the clearly innocent party, public policy does not require that the entire agreement be stricken if, as here, other consideration is present to sustain the contract.

The lack of a showing of criminality or criminal conduct is fatal to defendant's second appellate issue as well. As was true with forgery, the crime of compounding a felony in Wyoming is a specific statutory crime. Section 6-8-203, W.S.1977 in pertinent part:

> "(a) Whoever, *having knowledge of the actual commission of a crime of the grade of felony,* takes any money or property of another, or any gratuity or reward, or any engagement or promise therefor, upon any agreement or understanding, express or implied, to compound or conceal such crime, or to abstain from any prosecution therefor, or to withhold any evidence thereof, * * *"

(Emphasis added.)

Where, as in the factual situation before us, no felony charges have been filed nor proof presented of the actual commission of a felony, no compounding of a felony can be found to exist. *Hutchinson v. Hutchinson,* 1941, 48 Cal.App.2d 12, 119 P.2d 214; *Woodham v. Allen,* 1900, 130 Cal. 194, 62 P. 398. Defendant's second appellate assertion is thus also without merit.

Finally, even if we were to assume arguendo that the questioned provision of the buy-sell contract herein was improper, such a conclusion would not necessarily require a finding on our part that the entire contract had been improperly tainted and therefore void. If an alleged illegal contract involving several considerations will remain a complete, enforceable entity after any illegal or improper provisions have been excised, a finding of total illegality is not required. The improper provisions may be judicially severed and the remaining contract enforced, a concept not startling or new. *Schmidt v. Foster,* Wyo.1963, 380 P.2d 124; *Fuchs v. Goe,* 1945, 62 Wyo. 134, 163 P.2d 783 [quoting 6 Williston on Contracts (Revised Edition) 5060, § 1779], 166 A.L.R. 1329; *Board of Com'rs. of Natrona County v. Casper National Bank,* 1940, 56 Wyo. 132, 105 P.2d 578, 130 A.L.R. 727; *Mailand v. Burckle,* 1978, 20 Cal.3d 367, 143 Cal.Rptr. 1, 572 P.2d 1142; *Morse v. J. Ray McDermott & Co., Inc.,* La.1977, 344 So.2d 1353, 1370; *Forrest Currell Lumber Co. v. Thomas,* 1970, 81 N.M. 161, 464 P.2d 891, 895; 2 Kent, Commentaries on American Law (11th Ed. 614) 468 (1826). The buy-sell agreement was complete without the questioned provision added as an afterthought.

Affirmed.