2011 WY 122

**Myra Jean FORD, Appellant (Defendant),**

v.

**The STATE of Wyoming,
Appellee (Plaintiff).**

**No. S–11–0021.**

Supreme Court of Wyoming.

Aug. 25, 2011.

Representing Appellant: Diane Lozano, State Public Defender; Tina N. Olson, Appellate Counsel; and David E. Westling, Senior Assistant Appellate Counsel. Argument by Mr. Westling.

Representing Appellee: Gregory A. Phillips, Wyoming Attorney General; Terry L. Armitage, Deputy Attorney General; D. Michael Pauling, Senior Assistant Attorney General; and Meri V. Geringer, Senior Assistant Attorney General. Argument by Ms. Geringer.

Before KITE, C.J., and GOLDEN, HILL, VOIGT, and BURKE, JJ.

HILL, Justice.

[¶ 1] Appellant, Myra Jean Ford (Ford), was convicted of seven counts of forgery. In this appeal Ford contends that the district court abused its discretion when it denied her motion for judgment of acquittal at the close of the State's presentation of evidence. Ford maintains that the evidence the State produced was not sufficient to prove any of the fundamental elements of the crime of forgery. We will reverse and remand with directions that the information be dismissed with prejudice.

### ISSUE

[¶ 2] Ford raises this issue:

Did the trial court abuse its discretion by denying Myra Ford's motion for acquittal after the prosecution failed to produce evidence sufficient to prove the elements of

forgery required by W.S. § 6–3–602(a)(ii), (b)?

The State rephrases that issue somewhat, but in essence mirrors Ford's articulation of it.

## FACTS AND PROCEEDINGS

[¶ 3] Before the trial began, the parties agreed to these facts having been proved. The stipulation was read to the jury as an instruction at the end of the trial, but before closing arguments:

> Ladies and Gentlemen, the parties have stipulated that all of the people named in all of the charges actually received counseling services from [Ford].
>
> Further, the parties have stipulated that the Campbell County Memorial Hospital did not suffer monetary loss as a result of [Ford's] actions. As you were instructed in Jury Instruction No. 3, you must accept these stipulated facts as proved.

[¶ 4] Ford worked as a substance abuse therapist at Campbell County Memorial Hospital (CCMH). Count 1 of the charges against Ford alleged that under the date of December 17, 2007, she sent a letter written on CCMH letterhead stationery to the Wyoming Department of Family Services advising that her patient, AB, did not require substance abuse treatment. Ford did not treat AB at CCMH, but rather did so on her own time and at her home, without charging AB a fee of any sort. This is true with respect to all of the counts which follow hereafter. Count 2 alleged that Ford corresponded to the Wyoming Department of Corrections on CCMH stationery on January 23, 2009, informing that agency that she had provided counseling services to RB. Count 3 alleged that Ford corresponded on CCMH stationery to the Campbell County Circuit Court on March 11, 2008, recommending that GB receive treatment for substance abuse. Count 4 alleged that on January 26, 2009, Ford corresponded to the Wyoming Department of Corrections, Division of Field Services, on CCMH stationery asserting that she had provided counseling services to BB. Count 5 alleged that on October 2, 2008, Ford corresponded on CCMH stationery with Crook County Circuit Court asserting

that she had provided treatment to MP. Count 6 alleged that on April 20, 2007, Ford corresponded on CCMH stationery with the Wyoming Department of Corrections, Division of Field Services, describing services she provided to LM. Finally, Count 7 alleged that on March 17, 2008, Ford corresponded on CCMH stationery with the Natrona County Circuit Court reporting that she had provided counseling services to JP. Ford did not present any evidence in her defense.

[¶ 5] Ford was interviewed by police officers, and she admitted to providing the counseling at issue to friends who could not afford CCMH's fees for that service, that she knew CCMH personnel policies did not permit her to do such a thing without the express permission of CCMH administrators, and that she knew it was unethical and wrong. Ford was discharged from her employment because of the conduct described above. At the time the presentence investigation report was prepared, Ford's license(s) to practice as a counselor were under review but no final action had been taken. That report also indicates that Ford was working as a receptionist at a salon, rather than as a counselor, at the time the report was prepared.

## DISCUSSION

### Standard of Review

[¶ 6] In *Taylor v. State*, 2011 WY 18, ¶ 10, 246 P.3d 596, 598–99 (Wyo.2011) we held:

> We have described the standard applicable to a review of a denial of a motion for a judgment of acquittal as follows:
>
> > Our responsibility in considering the propriety of a ruling on a motion for judgment of acquittal is the same as that of the trial court. *Cloman v. State*, Wyo., 574 P.2d 410 (1978). The question raised is the sufficiency of the evidence to sustain the charge, which is a matter to be determined within the sound discretion of the trial court. *Chavez v. State*, Wyo., 601 P.2d 166 (1979); *Montez v. State*, Wyo., 527 P.2d 1330 (1974). In making that determination the district court must assume the truth of the evidence of the State and give to the

State the benefit of all legitimate inferences to be drawn from that evidence. If a prima facie case is demonstrated when the evidence is so examined, the motion for judgment of acquittal properly is denied. *Russell v. State*, Wyo., 583 P.2d 690 (1978). It is proper to grant a motion for judgment of acquittal only if there is no substantial evidence to sustain the material allegations relating to the offense that is charged. *Heberling v. State*, Wyo., 507 P.2d 1 (1973), cert. denied 414 U.S. 1022, 94 S.Ct. 444, 38 L.Ed.2d 313 (1973); *Fresquez v. State*, Wyo., 492 P.2d 197 (1971). Such a result is indicated if the evidence requires the jury to speculate or conjecture as to the defendant's guilt or if a reasonable juror must have a reasonable doubt as to the existence of any of the essential elements of the crime when the evidence is viewed in the light most favorable to the State. *Chavez v. State*, supra; *Russell v. State*, supra.

*Martinez v. State*, 2009 WY 6, ¶ 11, 199 P.3d 526, 530 (Wyo.2009) (quoting *Aragon v. State*, 627 P.2d 599, 602 (Wyo.1981)).

**Forgery**

[¶ 7] Wyo. Stat. Ann. § 6–3–602 (Lexis-Nexis 2011) provides:

**§ 6–3–602. Forgery; penalties.**

**(a) A person is guilty of forgery if, with intent to defraud, he:**

(i) Alters any writing of another without authority;

**(ii) Makes, completes, executes, authenticates, issues or transfers any writing so that it purports to be the act of another who did not authorize that act,** or to have been executed at a time or place or in a numbered sequence other than was in fact the case, or to be a copy of an original when no such original existed; or

(iii) Utters any writing which he knows to be forged in a manner specified in paragraphs (i) or (ii) of this subsection.

**(b) Except as provided in subsection (c) of this section, forgery is a felony punishable by imprisonment for not** more than ten (10) years, a fine of not more than ten thousand dollars ($10,000.00), or both.

(c) Forgery is a misdemeanor punishable by imprisonment for not more than six (6) months, a fine of not more than seven hundred fifty dollars ($750.00), or both, if the writing is a:

(i) Permit required by W.S. 11–21–102 through 11–21–104; or

(ii) Number or check number placed on a car or pit car in or about a mine. [Emphasis added.]

Ford was charged with violating § 6–3–602(a)(ii) and (b) in each of the seven counts. Each count was described in a separate instruction, and we will give one instruction as an example:

Jury Instruction No. 10. The elements of the crime of forgery as charged in Count 3 of this case are:

One, on or about March 11, 2008;

Two, in Campbell County, Wyoming;

Three, the defendant, Myra Jean Ford;

Four, with the intent to defraud;

Five, made a writing so it purported to be the act of another, to wit, submitted a certification to the Campbell County Circuit Court confirming that [GB] had received counseling issued on letterhead and purporting to have been authorized by Campbell County Memorial Hospital;

And, six, Campbell County Memorial Hospital did not authorize that act.

If you find from your consideration of all of the evidence that each of these elements has been proved beyond a reasonable doubt, then you should find the defendant guilty of Count 3.

If, on the other hand, you find from your consideration of all of the evidence that any of these elements has not been proved beyond a reasonable doubt, then you should find the defendant not guilty of Count 3.

[¶ 8] Ford contends that a person cannot commit forgery by signing an instrument in his or her own name, citing 37 C.J.S. *Forgery* § 8 (2008 and 2010 Cum. Supp.). The exact wording includes the following:

Subject to statutory variations, the false making or alteration of some instrument in writing is an essential element of the crime of forgery. The essence of forgery is that the writing must purport to be the writing of another than the person making it. In the paradigmatic case of "forgery" at common law, the instrument is not what it purports to be, because it purports to be written by someone who did not actually write it. Furthermore, assuming the requisite knowledge and intent, one commits forgery when he or she makes up the instrument, whether such person or someone else places the false signature on it.

Forgery cannot be committed by the making of a genuine instrument, although the statements made therein are untrue. A false making must relate to the genuineness of the execution of a document, not to the genuineness of its contents. Thus, where the falsity lies in the representations of facts, not in the genuineness of execution, it is not "forgery."

Under some statutes, the completion of a genuine instrument in an unauthorized manner, or without the authority of anyone entitled to grant such authority, constitutes forgery. Under such statutes, it is not necessary for a written instrument to expressly purport to have been made by the authority of one who did not give authority, as it is only necessary that the instrument be made in such a manner.

. . . .

*Use of own name.*

Generally, a person cannot commit forgery by signing an instrument in his or her own name, and in forgery prosecutions the state must generally prove that defendant used the name of another. However, signing one's own name with the intent that the writing be received as written by another person, or impersonating another in the signature of an instrument, or signing in such a way as to make the writing purport to be that of another, are all acts of forgery.

[¶ 9] The instructions informed the jury that Ford's crime required the jury to find beyond a reasonable doubt that CCMH had not authorized her to sign the letters. We are not convinced that that is a correct construction of the statute. The statute requires that the forged signature be that of "another." However, we are persuaded that the jury could not have concluded from the evidence presented that Ford (a person) had signed the name of "another" (person). We are also persuaded that a jury could not have concluded that any person was defrauded by Ford's signing her name to such letters. The jury was instructed that all of the patients involved were counseled by Ford, and that fundamental representation was in all respects true. Moreover, CCMH as a theoretical "person or entity" could not have signed such letters because it could not qualify for the license to do so.

[¶ 10] Ford also relies on the case *State v. Jensen*, 2004 UT App. 467, ¶¶ 11–15, 105 P.3d 951, 955 (Utah 2004), *cert. denied, State v. Jensen*, 123 P.3d 815 (Table 2005), as well as many of the cases cited therein, for the proposition that Ford could not be found guilty for signing her own name:

This court has emphasized that in forgery prosecutions the State must prove that the defendant used the name of another. *See State v. Gonzalez*, 822 P.2d 1214, 1216 (Utah Ct.App.1991) (" '[T]he state must show that the defendant not only used the name of another, but must also show that [she] did so without any authority to do so.' " (second alteration in original) (quoting *State v. Collins*, 597 P.2d 1317, 1317 (Utah 1979))). Likewise, a federal court has held that "[i]t is well established that forgery contemplates a writing which falsely purports to be the writing of another person than the actual maker." *Greathouse v. United States*, 170 F.2d 512, 514 (4th Cir.1948) (finding that it was not forgery for the defendant to issue a check in his own name on a bank in which he had no funds, despite the defendant's intent to defraud).

Additionally, in addressing elements of forgery similar to those articulated in our forgery statute, other states have held that one who signs his own name, purporting to act with the authority of another, is not guilty of forgery. For example, the Texas Court of Appeals has held that "one who

signs his true name, and does not represent himself to be someone else of the same name, does not commit a forgery because his act does not purport to be that of another." *Nobles v. Marcus,* 533 S.W.2d 923, 926 (Tex.1976). In *Nobles,* the court found that the defendant, in signing his own name to the corporation's deed under the false power of an officer of the corporation, did not commit forgery. *See id.* at 925–26. The court noted that while the defendant "may [have been] guilty of falsely representing the power under which he executed the instrument ... he did not represent his act to be that of another." *Id.* at 926.

Similarly, the New York Court of Appeals has held that the element of purporting to be another, as required under New York's forgery statute, "consist[ed] in falsely making an instrument purporting to be made by another." *People v. Mann,* 75 N.Y. 484, 486 (N.Y.1878) (finding a county officer who, without authority, executed a contract in his own name was not guilty of forgery). In *Mann,* the court distinguished purporting to be the act of another, a requisite element of forgery, from the false assumption of authority. *See id.*

> One who makes an instrument signed with his own name, but purporting to bind another, does not make an instrument purporting to be the act of another.... The instrument shows upon its face that it is made by himself and is in point of fact his own act. The wrong done ... consists in the false assumption of authority to bind another....
>
> *Id.* at 486–87.

More recently, the New York Court of Appeals has held that " 'it is not forgery for a person to sign his own name to an instrument, and falsely and fraudulently represent that he has authority to bind another by doing so' and 'the signer is guilty of false pretenses only.' " *People v. Cunningham,* 2 N.Y.3d 593, 780 N.Y.S.2d 750, 813 N.E.2d 891, 894 (2004) (citation omitted). In *Cunningham,* the court concluded that a corporate consultant did not commit forgery by signing his own name to a corporate check, although his signa-

ture to the check was in excess of the authority delegated to him by the corporation. *See id.* 780 N.Y.S.2d 750, 813 N.E.2d at 892. In reaching this conclusion, the court noted that "under our present Penal Law, as under prior statutes and the common law, a distinction must be drawn between an instrument which is falsely made, altered or completed, and an instrument which contains misrepresentations not relevant to the identity of the maker or drawer of the instrument." *Id.* 780 N.Y.S.2d 750, 813 N.E.2d at 893 (quotations and citations omitted). The court in *Cunningham* also engages in a lengthy discussion of forgery at common law, its codification into state statutes, and the fact that most states' forgery statutes follow the common law requirement that the writing purport to be that of another. *See id.* 780 N.Y.S.2d 750, 813 N.E.2d at 894 ("Although statutes vary, most jurisdictions in this country have tended to follow the [common law] approach to forgery.").

In the present case, Jensen similarly signed his own name to the Deed on the line reserved for BE and added the words "see lease." Consequently, Jensen did not make an instrument purporting to be the act of another. Thus, while Jensen, like the defendants in *Nobles* and *Mann,* may have been guilty of fraudulent assumption of authority, *see Christensen v. Nielson,* 73 Utah 603, 276 P. 645, 647–48 (1929) (discussing liability for false assumption of authority), the State failed to present sufficient evidence to raise a question of material fact as to whether in signing his own name on the Deed on the line reserved for BE, Jensen was purporting his signature to be the act of another. Thus, we reverse his conviction of forgery.

[¶ 11] The crux of the State's contention is that by signing her name on CCMH letterhead, she falsely represented that the material in the letter was that of CCMH or at least came with CCMH's "guarantee of quality," something which Ford did not have authority to do. Ford aptly points out that CCMH is not licensed or capable of affixing a signature to letters such as those in issue because it is not eligible to hold a license such as that held by Ford. Moreover, CCMH

cannot act except through its officers, directors, and other employees authorized to act on its behalf. Finally, the State's contention that a document written on CCMH letterhead comes with some sort of special stature is not supported by any evidence in the record, other than the prosecutor's having said it was so (argument is not evidence). From the materials that are in the record on appeal, such a document comes with no greater standing than that of a private agency or person eligible to conduct such counseling. Indeed, it is just as likely to be true that in many cases the assessments made by private practitioners are given more weight than those of a public hospital or other public agency.

[¶ 12] We have not had very many opportunities to address the elements of the crime of forgery, and that statute has been amended from time to time over the years. We also note that the statute comes encrusted with centuries of precedents that date back to the common law. In *Dixon v. Williams,* 584 P.2d 1078, 1080–81 (Wyo.1978) this Court opined:

> Forgery requires that there be a false making or alteration of some instrument in writing, a fraudulent intent, and the instrument must be capable of effecting a fraud. *State Board of Law Examiners v. Goppert,* 1949, 66 Wyo. 117, 205 P.2d 124, 135. See as well, *Santolini v. State,* 1895, 6 Wyo. 110, 42 P. 746; *State v. Thrunk,* 1978, 157 N.J.Super. 265, 384 A.2d 906; *Finney v. State,* Ala.Crim.App.1977, 348 So.2d 876, cert. den. *Ex parte State ex rel. Attorney General,* Ala.1977, 348 So.2d 878; *United States v. Dyer,* 7th Cir.1976, 546 F.2d 1313 (forgery at common law required proof of fraudulent intent). In this appeal, not only does the record lack any evidence whatsoever of an intent on the part of defendant to defraud, it in fact indicates exactly the contrary; that the checks written by the defendant and signed with plaintiff's name were used to pay legitimate corporate debts arising from the daily operations of the corporation itself. Nowhere is it even hinted, much less alleged that defendant pursued his course of action with an intent or desire to defraud anyone. With such evidence, there is no way to infer an intent

to defraud. *State v. Grider,* 1955, 74 Wyo. 88, 284 P.2d 400, reh. den. 74 Wyo. 111, 288 P.2d 766. Absent the required element of fraudulent intent, there is no crime or criminal activity established. Plaintiff's agreement thus could not be found to render the buy-sell agreement void on the ground that the crime of forgery had been committed. Under these circumstances, in which innocence is so apparent and the offending consideration was included in the agreement only upon the demand of the clearly innocent party, public policy does not require that the entire agreement be stricken if, as here, other consideration is present to sustain the contract.

Also see 37 C.J.S. *Forgery, supra,* §§ 1, 3, 6, 7, and 8.

[¶ 13] Although it is a civil case, we are nonetheless persuaded that the *Dixon* case applies to the circumstances here. There is no hint that Ford acted with "intent to defraud" anyone or that anyone was actually defrauded.

[¶ 14] In the case *Grable v. State,* 649 P.2d 663, 676 (Wyo.1982) we held:

> The crime of forgery as defined in the Wyoming statute is one requiring specific intent. Prior cases have characterized the requisite intent as a "fraudulent intent." *Dixon v. Williams,* Wyo., 584 P.2d 1078 (1978); *State Board of Law Examiners v. Goppert,* 66 Wyo. 117, 205 P.2d 124 (1949). The statutory language, however, defining this offense is not as limited as the appellant's argument would assume. Section 6–17, W.S.1957, provides in pertinent part that:
>
> > "Every person who shall falsely make, alter, forge or counterfeit * * *; or shall utter, publish, pass, or attempt to pass as true and genuine, or cause to be uttered, published or passed, or attempted to be passed, as true and genuine, any of the above named false, altered, forged or counterfeited matters * * * (knowing the same to be false, altered, forged or counterfeited) with intent to prejudice, damage or defraud any person or persons, body politic, corporate,

* * * shall be guilty of forgery * * *." (Emphasis added.)

It must be remembered that Oil Resources had in its possession a stolen oil well pumping unit. One of the possible results of the forged documents is that in an action by Oil Resources to recover the purchase price a finder of fact might have been persuaded that the oil well pumping unit in fact was not stolen. In this regard it is important to remember that the identification shown on the invoices for the oil well pumping unit was carefully made to match the spurious tag which had been placed on the oil well pumping unit. None of the principals had been accused of the theft of the oil pumping unit at the time these documents were forged, and the intent in issue was their intent at that time. Their conduct was as consistent with an effort to avoid civil liability as it was with an attempt to evade the authorities. This is only one obvious possibility of prejudice or damage to Oil Resources.

There are no such circumstances present in this case that could serve to sustain the "intent to defraud" requirement in the statute as it is now formulated.

[¶ 15] In the treatise 3 Wayne R. La-Fave, *Substantive Criminal Law* § 19.7(j)(5) (2nd ed. 2003 and 2010–11 Supp.), this definitional paragraph is included:

> (5) **Forgery.** Forgery is a crime aimed primarily at safeguarding confidence in the genuineness of documents relied upon in commercial and business activity. Though a forgery, like false pretenses, requires a lie, it must be a lie about the document itself: the lie must relate to the genuineness of the document. A foreman who pads the time-roll by crediting himself with working more hours than he actually has worked does not commit forgery, since his lie relates to something other than the genuineness of the time-roll. If, because of his misrepresentation, he successfully obtains money which he has not earned, he has committed false pretenses; if his plan does not deceive, his crime is probably attempted false pretenses.
>
> Forgery, like false pretenses, requires an intent to defraud, but, unlike false pretenses, it does not require that anyone be actually defrauded of his money or property. One who has never had a chance to pass his forged document, or whose forgery is spotted when he tries to pass it, is nevertheless guilty of forgery. If he is successful in passing the forged document, receiving property or money for it, he is no doubt guilty of the crime of false pretenses in addition to that of forgery, much as one who breaks and enters a dwelling house with intent to steal, and then does steal, is guilty of both burglary and larceny.

[¶ 16] 10A Uniform Laws Annotated (ULA), § 224.1 (2001 and 2011 Cum. Supp.) contains the Model Penal Code. It provides this commentary on the model statute which is similar to Wyoming's forgery statute:

> The most important offense [in this Section] is forgery, defined in Section 224.1. A separate forgery offense is needed in order to recognize the special effectiveness of forgery as a means of undermining public confidence in important symbols of commerce and as a means of perpetrating widespread fraud. As drafted in the Model Code, the offense also extends to documents that do not have legal or commercial significance. Thus, for example, forgery of a college diploma or a medical license is covered, in addition to the usual range of items such as a deed, a check, or a will. The term "writing" is also defined to include money, stamps, and other documents traditionally treated under the separate offense of counterfeiting. *The prohibited conduct is drafted so as to focus the offense upon falsity as to genuineness or authenticity, rather than upon the falsity of any statement contained in a legitimate document.* The offense is graded as a felony of the second degree in the case of certain listed documents which require special expertise to execute, which can readily be the means of perpetrating widespread fraud, and the forgery of which can undermine confidence in widely circulating instruments representing wealth. Forgery of documents affecting legal relations is a felony of the third degree, while forgery of other documents is a misdemeanor. [Emphasis added.]

The use of CCMH stationery was, at worst, some sort of "falsity" of a statement contained in a legitimate document.

[¶ 17] We hold that the district court abused its discretion in denying Ford's motion for judgment of acquittal because the evidence was insufficient to prove beyond a reasonable doubt that Ford acted with the intent to defraud.

## CONCLUSION

[¶ 18] The district court abused its discretion in denying Ford's motion for judgment of acquittal. We reverse the district court's judgment and sentence and remand this matter to the district court with directions that the information be dismissed with prejudice.

HILL, J., delivers the opinion of the Court; VOIGT, J., files a specially concurring opinion.

VOIGT, Justice, specially concurring.

[¶ 19] To prove forgery under Wyo. Stat. Ann. § 6–3–602(a) (LexisNexis 2011), the State must prove that the defendant acted "with intent to defraud." That requires proof beyond a reasonable doubt that the defendant intended "[t]o cause injury or loss to (a person) by deceit." *Black's Law Dictionary* 488 (9th ed. 2009). I agree with the majority that the State failed to meet that burden, and reversal is therefore required. My difference with the majority is that I believe that is the point where the opinion should stop; we should not attempt to declare whether or not the act of signing one's own name under these circumstances may be an act of forgery. That question should be left for another day, when it needs to be answered. Here, the majority's finding of abuse of discretion and its determination to reverse is based solely upon the State's failure to prove intent to defraud.